Ethel T. FLOYD and R. Earl Floyd, Plaintiffs-Appellants,

v.

William E. RENTROP, M.D., and St. Francis Hospital, Inc., Defendants-Appellees.

Supreme Court of Tennessee.

Aug. 20, 1984.

**166**

Gary K. Morrell, James S. Cox & Assoc., Memphis, for plaintiffs-appellants.

Jerry E. Mitchell, Thomason, Hendrix, Harvey, Johnson, Mitchell, Blanchard & Adams, Memphis, for defendants-appellees.

## OPINION

BROOKS McLEMORE, Special Justice.

Plaintiffs Ethel T. Floyd and husband, R. Earl Floyd, on March 26, 1981, filed their action against defendants John M. Reisser, M.D., and St. Francis Hospital alleging negligence of the Defendants in leaving a sponge in the body of the plaintiff, Mrs. Ethel Floyd, while she was undergoing an operation on October 2, 1979. The Complaint, which was served on defendant Reisser on March 31, 1981, alleged that plaintiff was discharged from the defendant hospital on or about October 23, 1979, but she continued to have pain, drainage and other symptoms, until ultimately she was readmitted to the same hospital. On or about April 4, 1980, plaintiff was again taken to the operating room under the direction of defendant Dr. Reisser, who performed a second surgical procedure which revealed the presence of the aforementioned surgical sponge or gauze pack in the body of plaintiff.

Apparently, plaintiff learned the reason for her difficulty on April 7, 1980.

On April 6, 1981, before Dr. Reisser answered or otherwise pleaded, plaintiffs in the same case filed an "amended complaint," the context of which is essentially the same as the original complaint, except that it alleged that the surgery on October 2, 1979 was performed by William E. Rentrop, M.D., and William E. Rentrop, M.D. is made a party defendant. Appellee Rentrop conceded in his brief and elsewhere that he is Dr. Reisser's partner. On the same day, April 6, 1981, an order of voluntary dismissal as to defendant John M. Reisser, M.D., was entered by the trial court on motion of the plaintiffs.

Hospital records filed as exhibits to this appeal clearly indicate that Dr. W.E. Rentrop was the physician and surgeon for the operation. According to the operative report, Dr. Rentrop was the operating surgeon; no assisting surgeon was listed; and the report was dictated by Dr. Rentrop. The discharge summary, which was dictated by Dr. Rentrop, indicated that he had performed the surgery. Neither of the above-mentioned documents listed the name of Dr. Reisser nor indicated that he participated in plaintiff's surgery.

The deposition of Mrs. Floyd is part of the record on appeal. In this testimony, Mrs. Floyd states that Dr. Rentrop was her doctor in years past, but that after Dr. Reisser moved in with him, Dr. Rentrop "just sort of pushed me over to Reisser." She continued to see Rentrop when Reisser was not in the office, and stated that when she went in for the surgery which is the subject of this lawsuit, she was so sick that she did not remember anything until she awakened in the intensive care unit.

Dr. William E. Rentrop filed his answer to the amended complaint on June 1, 1981. It contains the following paragraph:

This defendant denies that the plaintiff Ethel T. Floyd was admitted to St. Francis Hospital by him or under his direction. He further denies that he performed the surgical procedure described in the Complaint, although he admits that he assisted the surgeon who performed such procedure, and further admits that the hospital chart contains clerical errors indicating that he was the principal surgeon.

On July 7, 1981, Dr. Rentrop, in a supplemental answer, stated:

> [T]hat defendant William E. Rentrop did not perform the surgery, but simply assisted in the performance of the surgery; however, this defendant admits that a surgical sponge was left inside the body of the plaintiff ....

On November 23, 1981, the defendant St. Francis Hospital, in its answer, stated that: "This Defendant admits that the Plaintiff, Ethel T. Floyd, was admitted to St. Francis Hospital, Inc. on or about September 27, 1979 ... by *William E. Rentrop, M.D.*" (Emphasis added)

On May 7, 1982 (thirteen months and one day after the "amended complaint" was filed), the plaintiffs filed a motion for leave to amend the amended complaint, so as to join John M. Reisser, M.D., as a party defendant and expressly relied upon Rule 15.03, Tennessee Rules Civil Procedure.

On the same date, interrogatories were propounded to Dr. William E. Rentrop, as to which physician assisted, directed, or performed the surgery of October 2, 1979.

On August 4, 1982, Dr. Rentrop responded that "Dr. John M. Reisser performed and directed the surgery of Mrs. Floyd. Dr. William E. Rentrop was his assistant in connection therewith."

On October 19, 1982, the Trial Judge denied plaintiffs' motion to amend so as to add John M. Reisser, M.D., as a party defendant, on the grounds that as a matter of law, any cause of action as to Dr. Reisser was barred by the applicable statute of limitations.

Interlocutory appeal was subsequently allowed by the Trial Court and the Court of Appeals.

The Court of Appeals, with Judge Nearn dissenting, held that since Dr. Reisser had been sued and non-suit then taken against him, T.C.A. § 28–1–105[1], commonly known as the saving statute, barred the amendment so as to add Dr. Reisser, and that any new action taken by the plaintiffs against Dr. Reisser must have been commenced within one year from the taking of the voluntary non-suit on April 6, 1981, citing *Turner v. N.C. & St. L. Railway*, 199 Tenn. 137, 285 S.W.2d 122 (1955); and *Balsinger v. Gass*, 214 Tenn. 343, 379 S.W.2d 800 (1964). We think it evident that a majority of the Court of Appeals were of the opinion that since a suit was brought against Dr. Reisser, the filing of the non-suit with respect to him automatically triggered the savings statute. The majority specifically held that Rule 15.03 had no application to the case at bar. If Rule 15.03 is applicable, the fact that Dr. Reisser had once been a party to the suit has no significance to its application in this case, except to show notice of the institution of the suit within the time provided by law.

We are of the opinion that the Court of Appeals erred, that Rule 15.03 T.R.C.P. is applicable to the facts of the case, that the Trial Judge erred in denying the amendment adding Dr. Reisser as a party defendant, and that T.C.A. § 28–1–105 has no application to the case.

T.R.C.P. 15.03 provides that an amended complaint changing the name of a party relates back to the date of the original pleading if three requirements are met: "(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading ... if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (2) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) knew or should have known that, but for a misnomer or other

---

1. *28–1–105. New action after adverse decision* —If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or his representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

similar mistake concerning the identity of the proper party, the action would have been brought against him."

Other language of the Rule makes it clear that if the preceding conditions are met, the effect of Rule 15.03 is to avoid the impact of the statute of limitations.

In *Karash v. Pigott*, 530 S.W.2d 775 (Tenn.1975), this court recognized this effect, pointing out "[t]he great liberality of this Rule." *Id.* at 777. In *Osborne Enterprises v. City of Chattanooga*, 561 S.W.2d 160 (Tenn.App.1977), the Court of Appeals in interpreting the Rule said:

"Rule 15.03 should be liberally construed and applied. It was designed so cases would be determined on their merits and not on rigid technicalities." *Id.* at 163.

The court then went on to state that:

"Although the defendant must now defend a claim which was thought the mere passage of time had barred, statutes of limitations do not afford such an automatic insulation from suit by such a mechanical procedure." *Id.* at 164.

Defendants insist that the outside limits of the statute of limitations applicable to this action would be April 7, 1981, which is one year from the time Mrs. Floyd learned of the cause of her injury. Assuming this to be true, we proceed to apply the three tests of Rule 15.03 to the facts in the record and admitted facts in the brief of appellees.

The amended complaint filed merely adds the name of Dr. Reisser, who had previously been a defendant, and therefore the first condition has been met.

Notice is the critical element involved in determining whether amendments to pleadings relate back. The complaint pending and to which amendment is sought is that complaint which was filed against Dr. John M. Reisser and St. Francis Hospital, Inc. on March 26, 1981. Dr. Reisser, having been served, had actual notice of the institution of the action prior to April 7, 1981. We are not unmindful that a non-suit had been taken against Dr. Reisser on April 6, 1981; nevertheless, he had notice of the transaction or occurrence set forth in the original pleading within the time provided by law for commencing the action. He and Dr. Rentrop have been represented by the same counsel in the case. Under such circumstances, he would not be prejudiced in maintaining his defense on the merits and he knew, or should have known that, but for mistake concerning the identity of the proper party, the action would not have been dismissed as to him and instituted against his partner, who he knew did not perform the surgery on Mrs. Floyd as set forth in the original complaint served upon him.

As to his knowledge of the action instituted against Dr. Rentrop, such knowledge will be imputed to him since it is conceded that Dr. Reisser and Dr. Rentrop are partners. T.C.A. § 61–1–111.

Rule 15.03 being applicable and the effect of the Rule being to avoid the impact of the statute of limitations by letting the amendment relate back to the original filing, the cause of action against Dr. Reisser is not barred by the statute of limitations, and therefore T.C.A. § 28–1–105 (the saving statute) is inapplicable for the reason that no statutory bar exists as to the amendment. *Dushan v. Metropolitan Life Insurance Company*, 14 Tenn.App. 422 (1931); *Balsinger v. Gass, supra.*

On remand, the tendered amendment will be allowed.

The Judgment of the Court of Appeals is reversed, and the case is remanded to the Trial Court for appropriate action not inconsistent with this opinion.

The costs on this appeal are taxed against the Defendant-Appellee William E. Rentrop, for which let execution issue, if necessary.

COOPER, C.J., and FONES, BROCK and HARBISON, JJ., concur.