# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

**FILED**

**July 9, 1997**

**Cecil W. Crowson
Appellate Court Clerk**

SHIRLEY JEAN McCRACKEN  )
and ALAN McCRACKEN,  )
  )
  Plaintiffs/Appellants,  )
  )  Williamson Circuit
  )  No. 94372
VS.  )
  )  Appeal No.
  )  01A01-9511-CV-00531
BRENTWOOD UNITED  )
METHODIST CHURCH,  )
  )
  Defendant/Appellee.  )


APPEAL FROM THE CIRCUIT COURT FOR WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE CORNELIA A. CLARK, JUDGE


For the Plaintiffs/Appellants:

Stanley M. Chernau
Linda F. Burnsed
Chernau, Chaffin & Burnsed
Nashville, Tennessee

For the Defendant/Appellee:

Frank Thomas
Leitner, Warner, Moffitt, Williams,
  Dooley & Napolitan
Nashville, Tennessee


## AFFIRMED IN PART; REVERSED IN PART; AND REMANDED


WILLIAM C. KOCH, JR., JUDGE

# **O P I N I O N**

This appeal involves a woman who broke both ankles in a fall at church. The woman and her husband filed suit in the Circuit Court for Williamson County against the church and others. The trial court granted the church's motion for summary judgment based on the statute of limitations and the joint enterprise rule. The woman and her husband perfected this appeal after obtaining post-judgment relief from an inappropriate interlocutory appeal. We have determined that the trial court properly granted the post-judgment relief but erred in summarily dismissing the complaint.

## I.

Shirley Jean and Alan McCracken are members of the Brentwood United Methodist Church. On June 20, 1993, less than one month after joining the church, Ms. McCracken fell as she was entering the church's new sanctuary from an older portion of the building containing the church's classrooms. Persons entering the sanctuary at that location had to climb a flight of stairs and then pass through a doorway where there was a 2¾ inch change in the elevation of the floor. Ms. McCracken stumbled and fell when she caught one of her shoes on the threshold, breaking both ankles and injuring her shoulder.

Ms. McCracken's ankle injuries required several surgeries, and she was required to undergo rehabilitation for nearly one year before regaining reasonable mobility. The McCrackens were reluctant to assert a claim against the church; however, the church's business administrator and senior pastor assured them that the church carried adequate insurance for injuries on church property. Accordingly, the McCrackens submitted a claim to the church's insurance company and received $5,000 to help defray some of their medical expenses.

The McCrackens retained a lawyer who continued settlement discussions with the church's insurance company. When it became evident that a satisfactory settlement was not forthcoming, the McCrackens filed suit on June 17, 1994 - three days before the statute of limitations would have run on their claims. The complaint named as defendants the Brentwood United Methodist Church

Foundation, Inc. (the "foundation") and the architect and construction company that designed and constructed the sanctuary.[1]

The church first learned of the McCrackens' lawsuit on June 20, 1994 when a Nashville newspaper reporter telephoned the senior pastor to get a comment about the case. The summons and the McCrackens' original complaint were served on the church's financial administrator on June 28, 1994. The administrator recognized immediately that the McCrackens had sued the foundation rather than the Brentwood United Methodist Church (the "church").[2] In his June 28, 1994 letter transmitting the complaint and summons to the church's insurance company, the administrator stated: "The plaintiff has sued the wrong entity. Would this present grounds for the dismissal of this case?"

On July 28, 1994, the foundation moved for summary judgment on the grounds that it owned no property and that it was not involved with the construction of the new church building. Approximately ten days later, the McCrackens requested permission to file a second amended complaint for the purpose of adding the church as a defendant. The trial court granted the motion, and the McCrackens filed their second amended complaint on September 22, 1994. One week later, the church moved for summary judgment based on the one-year statute of limitations in Tenn. Code Ann. § 28-3-104(a) (Supp. 1996).

The trial court filed a memorandum opinion on February 1, 1995, granting the church's motion for summary judgment on two grounds. First, the trial court determined that the McCrackens could not take advantage of the relation back provisions in Tenn. R. Civ. P. 15.03 and, therefore, that their claims against the church in their second amended complaint were time-barred. Second, the trial court, relying on the joint enterprise defense, held that the McCrackens could not sue the church because it was an unincorporated association of which they were

---

[1]The McCrackens filed an amended complaint on June 20, 1994, adding an engineering firm as another defendant.

[2]The church is an unincorporated, not-for-profit, religious association; while the foundation is a separate corporation that administers the church's endowment. The foundation owns no property.

members. The February 13, 1995 summary judgment order stated specifically that the order constituted a final judgment under Tenn. R. Civ. P. 54.02 on all claims against the church.

The McCrackens requested the trial court to "reconsider" its decision to grant the summary judgment[3] and, in the alternative, to grant them permission to pursue an interlocutory appeal.[4]  On April 20, 1995, the trial court denied the motion to reconsider but granted the McCrackens permission to pursue an interlocutory appeal.  This court denied the McCrackens' application for an interlocutory appeal on May 31, 1995, because they were entitled to an appeal as of right.  *McCracken v. Brentwood United Methodist Church,* App. No. 01A01-9505-CV-00204 (Tenn. Ct. App. May 31, 1995).

On June 13, 1995, the McCrackens requested this court to grant relief from their failure to file a timely notice of appeal from the trial court's April 20, 1995 order.  On June 22, 1995, we denied the motion but suggested that it would be appropriate to seek this relief from the trial court.  *McCracken v. Brentwood United Methodist Church,* App. No. 01A01-9505-CV-00204 (Tenn. Ct. App. June 21, 1995).  On July 7, 1995, the trial court vacated and re-entered the portion of its April 20, 1995 order denying the McCrackens' motion to reconsider. Thereafter, the McCrackens filed a notice of appeal on July 21, 1995.

## II.
### TENN. R. CIV. P. 60.02 RELIEF FROM JUDGMENT

We turn first to the church's assertion that the McCrackens are not entitled to Tenn. R. Civ. P. 60.02 relief from their failure to file a notice of appeal within thirty days following the entry of the trial court's April 20, 1995 order denying their motion to reconsider the summary judgment.  The church asserts that the

---

[3]The Tennessee Rules of Civil Procedure do not authorize "motions to reconsider."  We construe this motion to be a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04.

[4]The request for an interlocutory appeal was unnecessary because the trial court had designated its February 13, 1995 order as final in accordance with Tenn. R. Civ. P. 54.02.  The McCrackens were entitled to an appeal as of right from this order.

McCrackens' erroneous pursuit of an interlocutory appeal is not the type of mistake, inadvertence, or excusable neglect that warrants extraordinary relief from the judgment. We disagree.

The filing requirements for notices of appeal in civil cases are mandatory and jurisdictional. *Thandiwe v. Traughber,* 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994); *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d 422, 424 (Tenn. Ct. App. 1983). While neither the trial nor the appellate courts may waive or expand the time for filing a notice of appeal, *First Nat'l Bank v. Goss,* 912 S.W.2d 147, 148 (Tenn. Ct. App. 1995), a trial court may grant an appellant relief from an untimely notice of appeal in unusual or compelling circumstances. *See Moody v. Moody,* 681 S.W.2d 545, 546 (Tenn. 1984); *Jerkins v. McKinney,* 533 S.W.2d 275, 280 (Tenn. 1976); *Jefferson v. Pneumo Servs. Corp.,* 699 S.W.2d 181, 184-85 (Tenn. Ct. App. 1985). This relief generally takes the form of vacating and re-entering the final order.

Parties seeking Tenn. R. Civ. P. 60.02 relief must substantiate their request by clear and convincing evidence. *Davidson v. Davidson,* 916 S.W.2d 918, 923 (Tenn. Ct. App. 1995); *Duncan v. Duncan,* 789 S.W.2d 557, 563 (Tenn. Ct. App. 1990). These requests are addressed to the trial court's discretion, and thus appellate courts review decisions regarding Tenn. R. Civ. P. 60.02 relief using the abuse of discretion standard. *Underwood v. Zurich Ins. Co.,* 854 S.W.2d 94, 97 (Tenn. 1993); *Banks v. Dement Constr. Co.,* 817 S.W.2d 16, 18 (Tenn. 1991); *Day v. Day,* 931 S.W.2d 936, 939 (Tenn. Ct. App. 1996); *Marr v. Montgomery Elevator Co.,* 922 S.W.2d 526, 528 (Tenn. Ct. App. 1995); *John Barb, Inc. v. Underwriters at Lloyds of London,* 653 S.W.2d at 424.

This case presents one of the rare circumstances warranting Tenn. R. Civ. P. 60.02 relief. The McCrackens' failure to file a timely notice of appeal following the April 20, 1995 order was not just a product of their lawyers' failure to appreciate the significance of the Tenn. R. Civ. P. 54.02 designation in the

February 13, 1995 order. [5] It was also caused by the trial court's decision to grant them an interlocutory appeal even though the February 13, 1995 order was final. The procedural posture of the appeal would have been clear had the trial court denied the McCrackens' application for interlocutory appeal on the ground that they were entitled to appeal as of right. However, the order granting the interlocutory appeal could have induced the McCrackens' lawyer to conclude that filing a notice of appeal was no longer necessary. Accordingly, we find that the trial court correctly granted the McCrackens Tenn. R. Civ. P. 60.02 relief to enable them to file a timely notice of appeal from its April 20, 1995 order.[6]

## III.

### RELATION BACK UNDER TENN. R. CIV. P. 15.03

The McCrackens take issue with the trial court's decision that they could not take advantage of Tenn. R. Civ. P. 15.03's relation back provision because the church did not have notice of their suit before the statute of limitations expired. They insist that the church received timely notice of the suit when its senior pastor received a telephone call from a newspaper reporter requesting comment about their suit. While this notice was extremely informal, we find that it satisfies Tenn. R. Civ. P. 15.03's requirements.

Plaintiffs who file their lawsuit at or near the end of the statute of limitations period face a difficult predicament if they make a mistake regarding the name of the defendant. To avoid the statute of limitations extinguishing their claim against misnamed defendants, Tenn. R. Civ. P. 15.03 permits these plaintiffs

---

[5]The McCrackens would not have been entitled to Tenn. R. Civ. P. 60.02 relief had their predicament been caused by their lawyers' ignorance or mistaken understanding of the procedural rules. *Bivins v. Hospital Corp. of Am.,* 910 S.W.2d 441, 446 (Tenn. Ct. App. 1995); *Algee v. State Farm Ins. Co.,* 890 S.W.2d 445, 449 (Tenn. Ct. App. 1994); *Kilby v. Sivley,* 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987).

[6]Our May 31, 1995 order denying the McCrackens' application for an interlocutory appeal overlooked the fact that the trial court's April 20, 1995 order disposed of the McCrackens' motion to reconsider and that the McCrackens had not filed a notice of appeal. These oversights did not affect the McCrackens' ability to file a timely notice of appeal from the April 20, 1995 order because our order was not entered until after the expiration of the time for filing the notice of appeal.

to amend their complaint to correct the misnomer and provides that the amendment will relate back to the filing of the original complaint under certain conditions.

At all times pertinent to this case, Tenn. R. Civ. P. 15.03 provided:

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

Thus, the relation back feature of Tenn. R. Civ. P. 15.03 works only when the following conditions exist: (1) the claim must arise out of the same conduct, transaction, or occurrence involved in the original complaint; (2) the party to be brought in by the amendment must not be prejudiced in maintaining its defense, and (3) the party to be brought in by amendment either knew or should have known it would have been sued had it not been for the misnomer or similar mistake. *Lease v. Tipton,* 722 S.W.2d 379, 380 (Tenn. 1986); *Turner v. Aldor Co. of Nashville, Inc.,* 827 S.W.2d 318, 321-22 (Tenn. Ct. App. 1991).

Timely notice is the linchpin of Tenn. R. Civ. P. 15.03. *Floyd v. Rentrop,* 675 S.W.2d 165, 168 (Tenn. 1984). The cases construing Tenn. R. Civ. P. 15.03 have focused on the content of the notice, the time within which the notice must be received, and the persons who must receive the notice. Accordingly, the courts have held that the notice must be notice of the lawsuit rather than merely notice of the underlying injury. *Smith v. Southeastern Properties, Ltd.,* 776 S.W.2d 106,

109 (Tenn. Ct. App. 1989). The notice must also be received before the running of the applicable statute of limitations.[7] *Duke v. Replogle Enters.,* 891 S.W.2d 205, 206-07 (Tenn. 1994); *Allen v. River Edge Motor Lodge,* 861 S.W.2d 364, 365 (Tenn. Ct. App. 1993). Finally, in addition to notifying the defendant, Tenn. R. Civ. P. 15.03 permits notifying the defendant's attorney but not the employees of the defendant's insurance company. *Braswell v. Carothers,* 863 S.W.2d 722, 726 (Tenn. Ct. App. 1993) (holding that notice to the defendant's lawyer satisfies Tenn. R. Civ. P. 15.03); *Smith v. Southeastern Properties, Ltd.,* 776 S.W.2d at 110 (holding that notice to adjustors employed by the defendant's insurance company does not satisfy Tenn. R. Civ. P. 15.03).[8]

The courts have not definitively decided what type or form of notice satisfies Tenn. R. Civ. P. 15.03's requirements. The rule requires notice, not service. *See Montgomery v. United State Postal Serv.,* 867 F.2d 900, 903 (5th Cir. 1989). Since Tenn. R. Civ. P. 15.03 must be construed liberally to enable courts to hear and decide cases on their merits, *Floyd v. Rentrop,* 675 S.W.2d at 168; *Osborne Enters., Inc. v. City of Chattanooga,* 561 S.W.2d 160, 163 (Tenn. Ct. App. 1977), the current prevailing view is that the notice required by Tenn. R. Civ. P. 15.03 may be either formal or informal. *See Korn v. Royal Caribbean Cruise Line, Inc.,* 724 F.2d 1397, 1399 (9th Cir. 1984); *Kinally v. Bell of Pennsylvania,* 748 F. Supp. 1136, 1141 (E.D. Pa. 1990); 3 James W. Moore, *Moore's Federal Practice* ¶ 15.15[4] (2d ed. 1996); 6A Charles A. Wright, et al., *Federal Practice and Procedure* § 1498, at 116 (2d ed. 1990).

Tenn. R. Civ. P. 15.03 requires more than mere awareness that a suit has been filed. *See Keller v. Prince George's County,* 923 F.2d 30, 33-34 (4th Cir. 1991). Unofficial, informal notice that a lawsuit has been filed coupled with knowledge of the facts on which the lawsuit is based may suffice as long as the

---

[7]Tenn. R. Civ. P. 15.03 was amended in 1995 to extend the notice period to "120 days after commencement of the action." The effect of this amendment is the same as the 1991 amendment to Fed. R. Civ. P. 15(c)(3) which was to mitigate the harsh result of *Schiavone v. Fortune,* 477 U.S. 21, 30, 106 S. Ct. 2379, 2384 (1986). The amendment cannot be applied retroactively to complaints filed before its July 1, 1995 effective date.

[8]*But see Bell v. P & B Mfg. Corp.,* 107 F.R.D. 371, 374 (W.D. Tenn. 1985).

rule's other requirements are satisfied. Parties seeking to invoke the relation back provisions of Tenn. R. Civ. P. 15.03 must also demonstrate that the party to be added by amendment will not be prejudiced in maintaining its defense and that the party knew or should have known that it would have been sued had it not been for the misnomer or other similar mistake.

The church concedes that the telephone conversation between its senior pastor and the newspaper reporter occurred before the statute of limitations ran on the McCrackens' claim. Nonetheless, it asserts that the conversation does not qualify as notice under Tenn. R. Civ. P. 15.03 because the senior pastor did not have authority to receive notices of this sort and because the substance of the conversation was too vague. Both assertions are not well taken.

Tenn. R. Civ. P. 15.03 envisions that the newly added defendant must receive actual notice of the lawsuit. Accordingly, an individual defendant or the defendant's attorney must receive the notice. When the defendant is an organization, the notice may be given to any person within the organization with apparent authority to receive the notice. *See Garland v. Seaboard Coastline R.R.,* 658 S.W.2d 528, 530-31 (Tenn. 1983) (holding that service of process may be made on a person so integrated in the organization that he or she will know what to do with the papers). The church's senior pastor plays a significant role in the secular and religious affairs of the church. Accordingly, it is reasonable for us to infer that he is one of the persons within the organization who would know what to do with notice that a lawsuit has been filed against the church.

Tenn. R. Civ. P. 15.03 does not require the McCrackens to serve the church with process or to provid the church with a detailed summary of the allegations in their complaint. The senior pastor conceded that he was aware that Ms. McCracken had fallen at the church, and he specifically recalled that the newspaper reporter asked questions relating to the newly filed lawsuit. Even though the telephone call was not in writing, it provided the senior pastor with actual notice that the McCrackens had filed a lawsuit against the church seeking damages for the injuries stemming from Ms. McCracken's fall.

The evidentiary materials submitted in support of and in opposition to the summary judgment motion contain the following undisputed facts. The church, through its senior pastor, received actual notice before the statute of limitations ran that the McCrackens had filed a lawsuit based on Ms. McCracken's fall at the church. The church was not prejudiced in defending against the suit because it knew about Ms. McCracken's fall as soon as it happened. It also knew that its insurer had been negotiating a settlement with the McCrackens' lawyer for quite some time. Finally, the church knew that the McCrackens were looking to the church for damages and, as the business administrator's June 28, 1994 memorandum underscores, that the McCrackens' lawyer had mistakenly named the foundation as a defendant rather than the church. These undisputed facts establish all the conditions required for the operation of Tenn. R. Civ. P. 15.03's relation back provision.

## IV.

### THE JOINT ENTERPRISE DEFENSE

The McCrackens also take issue with the trial court's dismissal of their complaint against the church on the ground that members of an unincorporated religious association cannot recover from the association for damages. The trial court's decision was fully consistent with the decisional law as it stood at the time. *See Fain v. O'Connell,* No. 03A01-9403-CV-00082, 1994 WL 577404, at *1-2 (Tenn. Ct. App. Oct. 21, 1994), *rev'd,* 909 S.W.2d 790 (Tenn. 1995); *Shropshire v. Pure Holiness Church of God,* App. No. 03A01-9101-CV-00022, 1991 WL 121460, at *2 (Tenn. Ct. App. July 10, 1991) (No Tenn. R. App. P. 11 app. filed). However, after the trial court granted the church's summary judgment, the Tennessee Supreme Court announced that the joint enterprise defense was not a blanket defense to premise liability suits brought by members of unincorporated religious associations.

While this case was on appeal, the Tennessee Supreme Court reversed the Eastern Section's *Fain v. O'Connell* decision. Even though the court noted factual distinctions between the *Fain* case and the *Shropshire* case, it pointed out that the

-10-

defendant in *Fain* had never asserted that the plaintiff "had any responsibility for or right of control over the maintenance of the . . . parish facilities." *Fain v. O'Connell,* 909 S.W.2d 790, 794 (Tenn. 1995). Noting that it did not favor immunity from tort liability, the court unequivocally rejected any defense in actions of this sort "which is based on the legal form of the organization rather than the actual degree of fault of the member." *Fain v. O'Connell,* 909 S.W.2d at 794-95.

The Tennessee Supreme Court's *Fain* decision has prompted the Western Section of this court to reverse at least one other summary judgment based on the *Shropshire* reasoning. *See Viles v. Kelly,* App. No. 02A01-9508-CV-00186, 1996 WL 605158, at *2 (Tenn. Ct. App. Oct. 23, 1996) (No Tenn. R. App. P. 11 app. filed). In light of the absence of pleading or proof that the McCrackens had any responsibility for or right to control the design, construction, or maintenance of the premises of the Brentwood United Methodist Church, the summary judgment in this case must meet the same fate.

## V.

We affirm the trial court's decision to grant the McCrackens post-judgment relief pursuant to Tenn. R. Civ. P. 60.02 and reverse the summary judgment dismissing the McCrackens' claims against the Brentwood United Methodist Church. We also remand the case to the trial court for further proceedings consistent with this opinion and tax the costs of this appeal to the Brentwood United Methodist Church for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____

BEN H. CANTRELL, JUDGE