IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 20, 2002 Session

## JERI VINCENT v. CNA INSURANCE COMPANY

**Appeal from the Circuit Court for Williamson County**
**No. 11-01410      Russ Heldman, Judge**

----

**No. M2001-02213-COA-R9-CV - Filed December 23, 2002**

----

After being injured in an auto accident, Jeri Vincent entered into negotiations with CNA Insurance Company, the insurer of the driver of the other vehicle, attempting to settle her property damage and personal injury claim. The property damage claim was settled. Ms. Vincent filed a civil action against CNA Insurance to protect her personal injury claim from the statute of limitations. Later, Ms. Vincent filed a motion to substitute a party pursuant to Tenn. R. Civ. P. 15.03 in order to name the driver of the other vehicle as the defendant. The trial court denied the motion and dismissed the cause of action. We reverse and remand the decision of the trial court because we find that Ms. Vincent complied with the requirements of Tenn. R. Civ. P. 15.03.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Circuit Court**
**Reversed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and HAMILTON V. GAYDEN, JR., SP. J., joined.

Keith Jordan, Nashville, Tennessee, for the appellant, Jeri Vincent.

Nancy Williams Phillips, Nashville, Tennessee, for the appellee, CNA Insurance Company.

## OPINION

On January 16, 1999, Jeri Vincent was injured in a two car motor vehicle accident when her car was struck by an automobile driven by Donna F. Gibson. Ms. Gibson was insured by CNA Insurance Company ("CNA").[1]

----

[1] At the time the lawsuit was filed, the correct name for the insurance company was Continental Insurance Company. Since the lawsuit has been filed, the name of the company has changed to Encompass Insurance. Both parties refer to the insurance company as CNA at the trial court level and on appeal and, in order to maintain consistency, we will also.

Ms. Vincent had no further contact with Ms. Gibson after the collision. Ms. Vincent was contacted by an adjuster for CNA, who expressed regret for the accident, accepted financial responsibility for her damages, and paid for the repair costs to her Nissan Altima. Ms. Vincent was treated for what was initially thought to be a soft tissue injury, but eventually discovered she had a ruptured cervical disc; she intended to settle her personal injury claim directly with the insurance carrier without litigation or legal representation.

In December 1999, Ms. Vincent was informed by CNA adjuster Robert Webb that she needed to file an action before January 16, 2000, in order to keep her claim alive. On January 14, 2000, Ms. Vincent filed a *pro se* civil action in Williamson County General Sessions Court which listed CNA as the defendant. The civil action was brought for "protection of the statute of one year for bodily injury and/or personal injury sustained as a result of a mva on 1-16-99." It also stated that "further evaluation of injuries are in process."

CNA was served on February 3, 2000. Ms. Vincent spoke with Julie Salyers, a litigation specialist independently contracted by the insurance company, about her claim. On or about February 21, 2000, Ms. Gibson was informed of the lawsuit filed by Ms. Vincent against CNA by Warren Tucker, a CNA claims representative.

On June 4, 2001, CNA filed a motion to dismiss or in the alternative to set for trial. Upon receipt of that motion, Ms. Vincent hired counsel. The action was transferred to the Williamson County Circuit Court by agreement of the parties.

On July 25, 2001, Ms. Vincent filed a motion to substitute a party by changing the named defendant to Ms. Gibson rather than CNA. The motion to amend was denied by the trial court, which based its holding on *Smith v. Southeastern Properties, Ltd.*, 776 S.W.2d 106 (Tenn. Ct. App. 1999). The trial court stated:

> This case [*Smith*] also contains the following language: 'in the context of litigation neither an insurance company nor persons employed by it are agents of the uninsured.'[2] *Id*. at 110. Accordingly, statements made to Plaintiff [Jeri Vincent] by the adjuster will not sustain the relation back of Plaintiff's claim against the alleged tortfeasor, Donna F. Gibson, under T.R.C.P. 15.03. This result on its face may appear grossly inequitable to Plaintiff since it is undisputed that in January 1999 the adjuster for Defendant 'assured [her] that his employer was accepting financial responsibility for the injuries caused by the negligence of its insured, Donna F. Gibson.' Therefore, the Court grants Plaintiff permission to take a T.R.A.P. 9 appeal of this order to the Tennessee Court of Appeals, Rule 9(a)(2) criteria being applicable.

---

[2]The word "uninsured" appearing in the order is simply a misstatement, and the trial clearly meant "insured."

This court subsequently entered an order that granted Ms. Vincent's Tenn. R. App. P. Rule 9 application, limiting the issue on appeal to whether or not the trial court erred in denying Ms. Vincent's motion to substitute a party and staying any further trial court proceedings.

Generally, a review of a denial to amend pleadings is governed by the abuse of discretion standard of review. *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 237-38 (Tenn. 1993). Reversal is appropriate where the trial court applies an incorrect legal standard or reaches a decision that causes an injustice to the party complaining. *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001); *Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996).

## I. Relation Back of Amendments

Ms. Vincent attempted to change defendants in the lawsuit she filed against CNA and argues that the relation-back provisions of Tenn. R. Civ. P. 15.03 should apply to save her claim against Ms. Gibson from the statute of limitations. The relevant section provides:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Tenn. R. Civ. P. 15.03.

Ms. Vincent's attempted amendment herein is covered by the second sentence of Tenn. R. Civ. P. 15.03. "Changing" a party includes adding, dropping or substituting a party. 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1498 (2d ed. 1990). When the amendment seeks to change a party to the lawsuit, the claim asserted by or against that new party will be considered filed on the date of the original pleading when the requirements of the rule are met. *Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001).

"The goal behind Rule 15, as with all the Rules of Civil Procedure, is 'to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties.'" *Doyle*, 49 S.W.3d at 856 (quoting *Karash v. Pigott*, 530 S. W. 775, 777 (Tenn. 1975)). Thus, Tenn. R. Civ. P. 15.03 is construed liberally in order to promote the consideration of claims on their merits. *Floyd v. Rentrop*, 675 S.W.2d 165, 168 (Tenn. 1984); *Townes v. Sunbeam Oster*

*Co., Inc.*, 50 S.W.3d 446, 451 (Tenn. Ct. App. 2001); *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 797 (Tenn. Ct. App. 1997).

The principal purpose of Rule 15.03 is "to enable a plaintiff to correct a pleading error after the statute of limitations has run if the correction will not prejudice his adversary in any way." *Doyle*, 49 S.W.3d at 856-57 (quoting *Schiavone v. Fortune*, 477 U.S. 21, 38, 106 S. Ct. 2379, 2389 (1986) (Stevens, J. dissenting)).

Ms. Vincent's amendment will relate back to the date she originally filed the lawsuit if: (1) the claim arose out of the same conduct, transaction, or occurrence as that of the original complaint; (2) notice was received by Ms. Gibson either within the statute of limitations or one hundred twenty (120) days thereafter; (3) Ms. Gibson is not prejudiced in maintaining a defense by the delay in naming her; and (4) Ms. Gibson either knew or should have known she would have been sued had it not been for the mistake.

There is no dispute that the claim or defense to be asserted by Ms. Vincent in the amended pleadings arises out of the same occurrence, the automobile accident, as that of the original civil warrant she filed in General Sessions Court in January of 1999. The question is whether the other requirements are met.

## II. Sufficiency of Notice under Tenn. R. Civ. P. 15.03

Under Tenn. R. Civ. P. 15.03, the party to be added must be given notice of the lawsuit within the statute of limitations or within 120 days after commencement of the lawsuit. Notice in the context of Tenn. R. Civ. P. 15.03 means notice of the lawsuit, not notice of the underlying injury suffered by the plaintiff. *Smith*, 776 S.W.2d at 109; *McCracken*, 958 S.W.2d at 798. Notice may be formal or informal, and does not require service of the complaint upon the party affected by the amendment. *McCracken*, 958 S.W.2d at 797.

> Unofficial, informal notice that a lawsuit has been filed coupled with knowledge of the facts on which the lawsuit is based may suffice as long as the rule's other requirements are satisfied.

*Id*. at 798.

The trial court herein based its decision on *Smith v. Southeastern Properties, Ltd.*, 776 S.W.2d 106 (Tenn. Ct. App. 1999). In *Smith*, the plaintiff attempted to establish notice of a lawsuit, contrary to the sworn affidavits of the parties to be added that they were unaware of the claim until after the applicable time limit, by imputing notice based on a alleged agency relationship. The lawsuit involved the death of a young boy in an apartment swimming pool. The amendment at issue sought to add the limited partnership which was the owner of the apartment complex at the time of the incident and its general and limited partners. The insurer of the entity named in the original complaint had hired an independent insurance adjuster to investigate the boy's death. He sent a copy

of the plaintiff's notice letter to the insurer and to its attorney. He identified the insured as the partnership which was the subject of the later amendment. However, the adjuster/investigator never had contact with the partnership entity. There was no evidence that the parties to be added had hired the adjuster or the attorney or that they even knew either of them. The plaintiff argued that notice of the lawsuit to the insurer of the original defendant should have been imputed to the general partnership and its parties. This court disagreed, stating "While we find no case law on this point from Tennessee, it has been held that in the context of litigation neither an insurance company nor persons employed by it are agents of the insured." *Smith*, 776 S.W.2d at 110 (citing *Attleboro Mfg. Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 240 F. 573, 581-82 (1st Cir. 1917)).

The *Smith* opinion continues to stand for the proposition that notice to the party to be added cannot be imputed simply from notice to the party's insurance company. *McCracken*, 958 S.W.2d at 797. However, there is an important distinction between *Smith* and this case. In *Smith*, the adjuster for the insurance company had no contact whatsoever with the party to be added by the amendment, and there was no proof that the party's insurer had provided notice to the party. The plaintiff in *Smith* did not allege the parties to be added had actual knowledge or notice of the original lawsuit and attempted to rely on the knowledge of one or more alleged "agents." Herein, CNA concedes that Warren Tucker, its agent, informed Ms. Gibson of the lawsuit brought by Ms. Vincent on February 21, 2000, only thirty-five (35) days after Ms. Vincent filed her action. Thus, it is undisputed that Ms. Gibson received actual notice of the lawsuit, and questions of imputing notice through agency are not present.[3]

In *McCracken*, this court held that a phone call from a reporter to a church's senior pastor satisfied the notice requirements of Tenn. R. Civ. P. 15.03. In that case, the plaintiffs had originally mistakenly sued the church foundation and attempted to amend by adding the church itself. After concluding that notice to the senior pastor was notice to the church, the court found the following important in deciding the sufficiency of the notice:

> The senior pastor conceded that he was aware that Ms. McCracken had fallen at the church, and he specifically recalled that the newspaper reporter asked questions relating to the newly filed lawsuit. Even though the telephone call was not in writing, it provided the senior pastor with actual notice that the McCrackens had filed a lawsuit against the church seeking damages for the injuries stemming from Ms. McCracken's fall.

---

[3]We note that the court in *Smith* did not hold that notice can never be imputed. The plaintiff relied on the knowledge of one or more "agents." One of those alleged agents was the attorney who had been counsel of record for the original defendant entity as well as present counsel for the partnership plaintiff sought to add. The court did not hold that knowledge by a party's attorney could not be imputed. Instead, it held that the record showed that the first appearance by the attorney at issue was made two months after the statute of limitations (then the deadline for notice) ran and, thus, the facts did not demonstrate that the requirements of the rule had been met. 776 S.W.2d at 110. Federal courts have held that constructive or imputed notice will suffice. *Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195-96 (3d Cir. 2001).

*McCracken*, 958 S.W.2d at 797-98.  Federal courts have similarly held informal notice is sufficient.

> First, Rule 15(c)(3) notice does not require actual service of process on the party sought to be added; notice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant hears of the commencement of litigation through some informal means.  *See Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 175 (3d Cir. 1977) (holding that a person who the plaintiff sought to add as a defendant had adequate notice under 15(c)(3) when, within the relevant period, the person by happenstance saw a copy of the complaint naming both the place where he worked and an "unknown employee" as a defendant, which he knew referred to him); *see also Berndt v. Tennessee*, 796 F.2d 879, 884 (6th Cir. 1986) (notice need not be formal); *Eakins v. Reed*, 710 F.2d 184, 187-88 (4th Cir. 1983) (same); *Kirk v. Cronvich*, 629 F.2d 404, 407-08 (5th Cir. 1980) (same).  At the same time, the notice received must be more than notice of the event that gave rise to the cause of action; it must be notice that the plaintiff has instituted the action.  *See Bechtel v. Robinson*, 886 F.2d 644, 652 n.12 (3d Cir. 1989).

*Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 195 (3d Cir. 2001).

If a telephone call from a reporter unrelated to either the plaintiff or the defendant is sufficient to provide notice, certainly a telephone call from an insurance company which has been handling the claim to its insured is also sufficient.  The type of notice required is "fair notice that a legal claim existed in, and was in effect being asserted by" plaintiff.  *Smith*, 776 S.W.2d at 109 (citing *Williams v. United States*, 405 F.2d 234, 236-38 (5th Cir. 1968)).

CNA maintains that the notice did not meet the time requirements in Tenn. R. Civ. P. 15.03.  The argument is that Ms. Gibson did not receive notice before the expiration of the statute of limitations and that the amendment was not filed within 120 days of the filing of the complaint.  While both those statements are factually correct, we cannot agree that either disqualifies the proffered amendment from relating back to the original complaint.

The language of Tenn. R. Civ. P. 15.03 is clear as to the time requirement placed on notice to the party to be added: "within the period provided by law for commencing an action or within 120 days after commencement of the action."  The provision allowing notice within 120 days of the filing of the action was added to the language of Tenn. R. Civ. P. 15.03 in 1995 to incorporate "language similar to that adopted in the federal version to change the unfortunate result of decisions such as *Schiavone v. Fortune*, 477 U.S. 21, 106 S. Ct. 2379 (1986)."  Tenn. R. Civ. P. 15.03 Advisory Commission Comment (1995).  Prior to the 1995 amendment, a party seeking to amend a pleading to change a party was required to prove notice was had by the party to be added prior to the expiration of the statute of limitations.  The 1995 amendment obviously changed that result, as was intended.  We note that in *Doyle*, the Tennessee Supreme Court found sufficient notice that was given 118 days after the filing of the complaint, where the complaint had been filed only five days before the statute of limitations period expired.

CNA's second argument regarding timeliness is that Rule 15.03 requires that the "relation back amendment be requested no more than 120 days after the commencement of the action." That proposition appears nowhere in the language of the rule. To the contrary, the 120 days clearly refers to notice to the party to be brought in by amendment.[4]

Thus, we find that Ms. Gibson had actual notice of the lawsuit filed by Ms. Vincent within the time provided by the rule. Timely notice is not all that is required, however, because Tenn. R. Civ. P. 15.03 requires that the party to be added receive such notice that he or she will not be prejudiced in maintaining a defense on the merits. As to that requirement, this court stated in *McCracken*:

> The church was not prejudiced in defending against the suit because it knew about Ms. McCracken's fall as soon as it happened. It also knew that its insurer had been negotiating a settlement with the McCrackens' lawyer for quite some time. Finally, the church knew that the McCrackens were looking to the church for damages and . . . that the McCrackens' lawyer had mistakenly named the foundation as a defendant rather than the church.

*McCracken*, 958 S.W.2d at 798.

Similar facts in the case before us compel the conclusion that Ms. Gibson would not be prejudiced in this case. Ms. Gibson was well aware of the accident at the time it happened. CNA had already settled the property damage portion of Ms. Vincent's claim, apparently admitting liability for its insured, Ms. Gibson, and had been in active negotiations regarding the personal injury claim. In fact, it seems that the only portion of the claim which was not successfully negotiated before the statute of limitations ran was the amount of personal injury damages sustained by Ms. Vincent. It remains undisputed, as the trial court found, that an adjuster from CNA "assured [Ms. Vincent] that his employer was accepting financial responsibility for the injuries caused by the negligence of its insured, Donna F. Gibson." It appears that CNA undertook to represent Ms. Gibson's interest with regard to the claim by Ms. Vincent.

---

[4]CNA has not raised herein the issue of whether the amendment was filed so late that it should not be allowed. It is important to note that Tenn. R. Civ. P. 15.03 contains no time limitation for seeking amendment to a pleading. Tenn. R. Civ. P. 15.01, however, allows a party to amend the pleadings: (1) once as a matter of course at any time before a responsive pleading is served; and (2) within 15 days after a pleading is served if the pleading is one to which no responsive pleading is permitted and the action has not been set for trial. Otherwise, a party may amend a pleading only by written consent of the adverse party or by leave of the court, which "shall be freely given as justice so requires." Tenn. R. Civ. P. 15.01. In this case, Ms. Vincent sought to amend her complaint and substitute parties nearly eighteen months after the filing of her complaint. However, because a motion to dismiss is not a responsive pleading, the filing of a pre-answer motion to dismiss by CNA did not cut off Ms. Vincent's right to amend her complaint once as a matter of course. *See Adams v. Carter County Mem. Hosp.*, 548 S.W.2d 307, 309 (Tenn. 1977); *McBurney v. Aldrich*, 816 S.W.2d 30, 33 (Tenn. Ct. App. 1991). Further, we note that CNA has not argued that the delay prejudiced Ms. Gibson's defense. Additionally, CNA's motion to dismiss was filed almost seventeen months after the lawsuit was initiated.

-7-

The record indicates that CNA appeared through its attorney in the trial court to oppose the motion to amend by substituting parties. CNA has filed a brief in this appeal for the same purpose. Since CNA has undertaken to represent Ms. Gibson's interests in this matter, CNA would have a difficult time in claiming, and in fact does not attempt to claim, that its defense of the personal injury claim has been prejudiced. In addition, CNA makes no assertion on appeal that Ms. Gibson would be prejudiced in defending Ms. Vincent's claim because of some deficiency in the notice or timing thereof that she received. Merely having to defend the lawsuit does not constitute prejudice so as to preclude the relation back of an amendment adding a party. *See Osborne Enters. v. City of Chattanooga*, 561 S.W.2d 160, 164 (Tenn. Ct. App. 1977).

We conclude that Ms. Vincent has met the requirements of Tenn. R. Civ. P. 15.03 regarding notice to the party to be added with regard to time, sufficiency, and lack of prejudice.

### III. Knowledge and Mistake

The final requirement is that the party to be brought into the lawsuit by amendment "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Tenn. R. Civ. P. 15.03. This requirement has not been frequently discussed, as a separate requirement, by courts of this state. In fact, our courts have often stated that notice is the critical element in determining whether amendments relate back to the original pleadings. *Floyd*, 675 S.W. 2d at 168; *Smith*, 776 S.W.2d at 109.

The concepts, however, are not unrelated. The requirements of notice and knowledge together seek to prevent the situation where "a person who has had no reason to know that he or she is expected to respond to a claim will be brought into a suit" after the time limitations in the rule. Tenn. R. Civ. P. 15.03 Advisory Committee Comments. The objective of these and other requirements of the rule is to avoid the application of the statute of limitations when no prejudice would result to the party sought to be added by the amendment. 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1499.

Both requirements are often analyzed together as in *McCracken*, discussed above, and in *Floyd v. Rentrop*, 675 S.W.2d 165 (Tenn. 1984). In *Floyd*, the plaintiffs originally sued Dr. Reisser, believing he was the lead surgeon performing the operation at issue, but later sued Dr. Rentrop, based on various records indicating he performed the surgery, and nonsuited the claim against Dr. Reisser. Later, the plaintiffs attempted to amend their amended complaint to add Dr. Reisser, having learned that Dr. Reisser in fact was the lead surgeon. After finding that Dr. Reisser had notice within the required time period, the Supreme Court found:

> He and Dr. Rentrop have been represented by the same counsel in the case. Under such circumstances, he would not be prejudiced in maintaining his defense on the merits and he knew, or should have know that, but for mistake concerning the identity of the proper party, the action would not have been dismissed as to him and instituted against his partner, who he knew did not perform the surgery . . . . As to

> his knowledge of the action instituted against Dr. Rentrop, such knowledge will be imputed to him since it is conceded that Dr. Reisser and Dr. Rentrop are partners.

*Floyd*, 675 S.W.2d at 168.

Although not specifically labeled as such, these comments implicate another principle often applied to determine if an amendment should relate back: identity of interest. 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1499. Under the Federal Rules of Civil Procedure which have the same requirements for an amendment to relate back, federal courts have held that if a sufficient identity of interest exists between the new defendant and the original one so that relation back would not be prejudicial, then relation back is proper.[5] *Woods v. Indiana Univ.-Purdue at Indianapolis*, 996 F.2d 880, 889 (7th Cir. 1993); *Serrano v. Gonzalez*, 909 F.2d 8, 12 (1st Cir. 1990). The original defendant and the defendant sought to be added have an identity of interest when they are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced. *Wilson v. United States*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 102-03 (1st Cir. 1979)); *Serrano*, 909 F.2d at 12. This identity of interest inquiry is relevant to both the sufficiency of notice, and particularly the prejudice therefrom, and the knowledge that the added party was omitted due to a mistake.

With regard to the requirement that the party to be added knew or should have known that, but for a mistake, the action would have been brought against him, "the courts probably will apply something akin to a reasonableness test . . . . Relation back will be refused only if the court finds that there is no reason why the party to be added should have understood that he was not named due to a mistake." 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1498. The test has been described as whether the omitted defendants, viewed as reasonably prudent people, ought to have been able to anticipate or should have expected that the character of the originally pleaded claim might be called into question. *Dorsey v. St. Joseph Co. Jail Officials*, 910 F. Supp. 1343, 1349 (N.D. Ind. 1996), *rev'd on other grounds*, 98 F.3d 1527 (7th Cir. 1996) (reversing the grant of summary judgment to defendants because of a dispute of material facts regarding the incident).

In order for an amendment adding parties to relate back, a plaintiff must show that the failure to name the defendants sought to be added by amendment resulted from a mistake concerning the identity of the proper party. Tenn. R. Civ. P. 15.03. "A 'mistake' within the meaning of this rule does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant." *Smith*, 776 S.W.2d at 109 (citing *Jenkins v. Carruth*, 583 F. Supp. 613, 616 (E.D. Tenn. 1982)). However, "mistake" must mean more than a mere mislabeling of the proper party, because the notice and knowledge requirements of the second sentence of Tenn.

---

[5]Tenn. R. Civ. P. 15.03 has been construed by Tennessee courts consistently with federal interpretation of Fed. R. Civ. P. 15(c). *See, e.g., Chapman v. King*, 572 S.W.2d 925 (Tenn. 1978); *Karash v. Piggott*, 530 S.W.2d 775 (Tenn. 1975); *Gamble v. Hospital Corp. of Am.*, 676 S.W.2d 340 (Tenn. Ct. App. 1984); 6A CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 1498.

R. Civ. P. 15.03 do not apply to attempts to simply correct the mislabeling of a party. *Grantham v. Jackson-Madison County Gen. Hosp. Dist.*, 954 S.W.2d 36, 37-38 (Tenn. 1997).

A mistake includes a mistake of law as well as a mistake of fact. *Soto v. Brooklyn Corr. Facility*, 80 F.3d 34, 36 (2d Cir. 1996); *Woods*, 996 F.2d at 887.

> This phrasing of the 'mistake' criterion was introduced in the 1966 amendment to Rule 15. According to the Advisory Committee Note accompanying the 1966 amendment, the language was prompted by several cases in which plaintiffs, unaware of the technical requirements of the law, mistakenly named institutional instead of individual defendants . . . . In these cases, plaintiffs, who were required by statute to sue the Secretary of Health, Education and Welfare, 'had mistakenly named as defendants the United States, the Department of HEW, and the Federal Security Administration (a nonexistent agency). . . .' Fed. R. Civ. P. 15 advisory committee note (1966 amendment). The amendment was expressly intended to preserve legitimate suits despite such mistakes of law at the pleading stage.

*Soto*, 80 F.3d at 36 (some citations omitted).

Federal courts have found the mistake requirement satisfied where a *pro se* plaintiff has sued a defendant who could not be liable under the law, most often in 42 U.S.C. § 1983 actions where the plaintiff originally named a governmental entity and later sought to add individual officials or employees. *Soto*, 80 F.3d at 36-37; *Serrano*, 909 F.2d at 14-15.

The mistake made herein by Ms. Vincent, acting *pro se*, was that she sued the insurance company with whom she had been dealing and who had paid part of her claim, instead of the insured driver of the car that hit her. Ms. Vincent's brief filing, the general sessions warrant, contains enough information to make it clear that she was suing for injuries received in the motor vehicle accident. Ms. Vincent mistakenly failed to name the party alleged to have caused the injury, the proper party in a negligence action. Nonetheless, Ms. Gibson was driving the vehicle which ran into Ms. Vincent. Ms. Gibson was fully aware of the accident and her part in it. CNA knew or should have known that the proper defendant was its insured, Ms. Gibson, and that Ms. Gibson was not named originally only through a mistake.

CNA's course of conduct herein has established an identity of interest between itself and its insured with regard to Ms. Vincent's claim and resulting lawsuit. While a number of situations may arise where the insured and the insurer do not have the same interest, or in fact may have antagonistic interests, such is not the case before us. Not only did CNA undertake to negotiate and partially settle Ms. Vincent's claim, assuring her it would be financially responsible, it also undertook before the courts to represent Ms. Gibson's interests in opposing the amendment. If Ms. Gibson is not added, the dismissal of the lawsuit will stand, and CNA will face no further liability. Thus, it has an interest in preventing the substitution of Ms. Gibson. We find this situation to demonstrate a sufficiently identical interest to justify the relation back of the amendment.

## IV. Conclusion

Applying the legal standards explained above, we conclude that Ms. Vincent met the requirements Tenn. R. Civ. P. 15.03. Consequently, we reverse the judgment of the trial court. The proposed amendment adding Ms. Gibson is allowed and relates back to the date of the original pleading. The costs of the appeal are taxed to the appellee, CNA, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE