IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on August 16, 2013

# CHARLES H. ROBERTS v. MCCX DISCIPLINARY BOARD, ET AL.

**Appeal from the Chancery Court for Morgan County**
**No. 1304      Frank V. Williams, III, Chancellor**

**No. E2013-01507-COA-R3-CV-FILED-AUGUST 16, 2013**

The order from which the *pro se* incarcerated appellant, Charles H. Roberts, seeks to appeal was entered on April 3, 2013. The Notice of Appeal was filed more than thirty (30) days from the date of entry of the April 3, 2013 order, even considering the date upon which the appellant placed the Notice of Appeal in the mail for filing with the trial court clerk (May 9, 2013). *See* Tenn. R. App. P. 20(g). Because the Notice of Appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J., CHARLES D. SUSANO, JR., P.J., AND D. MICHAEL SWINEY, J.

Charles H. Roberts, Wartburg, Tennessee, appellant, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter, and Eric Andrew Fuller, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, Morgan County Correctional Complex (MCCX) Disciplinary Board.

**MEMORANDUM OPINION**[1]

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Before transmission of the record for this appeal, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction based upon the untimely filing of the Notice of Appeal. With regard to the jurisdictional problem, the response filed by the appellant states, in relevant part, that "[t]he appellant filed a direct appeal from the final decision of the trial court within (30) days of that decision, or in this case, within thirty (30) days of his waiting and not hearing from the trial court on his submitted motion for reconsideration of the trial court's dismissal with prejudice." The response further states that, "[a]s of the date of this filing," the trial court "has yet to respond to petitioner-appellant's Motion for Reconsideration." The appellant argues that he "is still awaiting a response to that motion for reconsideration of the Court's intent to dismiss (or in this case dismissal) with prejudice."

Upon inquiry to the trial court clerk, it has become clear that the only "Motion for Reconsideration" that was ever filed by the appellant in the proceedings below was his "Motion for Reconsideration of Pauper Status and to be Allowed to Resubmit or Have the Defective Documents Returned for Proper Signature and Oath Forthwith." That motion was filed on February 8, 2013, and was not directed to the Order Granting Motion to Dismiss, which was not entered until April 3, 2013. The trial court clerk has no record of any Motion for Reconsideration having been filed by the appellant after entry of the April 3, 2013 order. As such, there is no Motion for Reconsideration pending, which we could construe as a motion to alter or amend filed pursuant to Rule 59.04 of the Rules of Civil Procedure, and which would have thereby suspended the time for filing of a Notice of Appeal in this case. *See* Tenn. R. App. P. 4(b), (e); *see also McKracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 794 n. 3 (Tenn. Ct. App. 1997) (noting that "[t]he Tennessee Rules of Civil Procedure do not authorize 'motions to reconsider,'" but construing such a motion to be a motion to alter or amend filed pursuant to Rule 59.04). In the absence of a pending timely filed motion specified in Rule 4(b) of the Rules of Appellate Procedure, this Court is without jurisdiction to hear this appeal. See Tenn. R. App. P. 2; Tenn. R. App. P. 4(a); *see also Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004) ("The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases.").

Because the Notice of Appeal in this case was filed in accordance with Rule 20(g) of the Rules of Appellate Procedure more than thirty (30) days after the date of entry of the final order, we lack jurisdiction to consider the appeal. This appeal is dismissed. Costs on appeal are taxed to the appellant, Charles H. Roberts, for which execution may issue if necessary.

**PER CURIAM**