# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 15, 2010

## RONNIE HERMAN ET AL. v. JERRY HUTCHINS, JR. ET AL.

### Appeal from the Circuit Court for Dekalb County
### No. 8827    Amy V. Hollars, Judge

---

### No. M2010-01791-COA-R3-CV - Filed September 20, 2010

---

The defendants have appealed from a judgment declaring the plaintiffs to be the owners of certain real property and awarding the plaintiffs a judgment for the negligent cutting of timber.  Because the defendants did not file their notice of appeal within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., ANDY D. BENNETT and RICHARD H. DINKINS, JJ.

Adam Wilding Parrish, Lebanon, Tennessee, for the appellants, Jerry Hutchins, Jr. and Laura Hutchins.

Sue N. Puckett-Jernigan, Smithville, Tennessee, for the appellees, Ronnie Herman, Marsha Herman, and Ben Herman.

## MEMORANDUM OPINION[1]

This appeal concerns a dispute over the ownership of a tract of real property in Dekalb County.  Following a bench trial, the trial court entered a final order on October 29, 2009, declaring the plaintiffs to be the owners of the disputed property and awarding them $10,000 for the negligent removal of timber, plus $2500 for clean up costs.  The defendants, Jerry

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Hutchins, Jr. and Laura Hutchins, subsequently filed a motion to alter or amend the judgment. The trial court denied the motion to alter or amend on May 13, 2010. Mr. and Mrs. Hutchins filed their notice of appeal on July 19, 2010.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the order appealed. If one of the post-judgment motions listed in Tenn. R. App. P. 4(b) and Tenn. R. Civ. P. 59.01 is timely filed, the time for filing the notice of appeal will run from the date of the order granting or denying the motion. If the last day for filing a notice of appeal falls on a Saturday, Sunday or legal holiday, the time for filing the notice of appeal runs until the end of the next day that is not a Saturday, Sunday or legal holiday. Tenn. R. App. P. 21(a)

Pursuant to Tenn. R. App. P. 4 and 21, Mr. and Mrs. Hutchins were required to file their notice of appeal with the trial court clerk on or before June 14, 2010.[2] However, Mr. and Mrs. Hutchins did not file their notice of appeal until July 19, 2010, sixty-seven (67) days after entry of the order denying their motion to alter or amend. On August 30, 2010, this court ordered Mr. and Mrs. Hutchins to show cause within ten days why their appeal should not be dismissed for failure to file a timely notice of appeal. Mr. and Mrs. Hutchins have filed a response setting forth the circumstances behind the late filing but also requesting dismissal of their appeal on the ground the parties are discussing a possible alternative resolution of this case.

The appellants assert that the May 13, 2010 order was sent to their counsel's old address and that their counsel did not become aware of the order until July 9, 2010. However, the time for filing the notice of appeal runs from the date of entry of the order appealed, not from the date of notice. Tenn. R. App. P. 4. Moreover, the time limit is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period.[3] Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285

---

[2]Thirty days from May 13, 2010, would be June 12, 2010. Because June 12, 2010 was a Saturday, the notice of appeal would be due on Monday, June 14, 2010. Tenn. R. App. P. 21(a).

[3]While this court cannot grant relief from the failure to file a timely notice of appeal, the trial court may, under unusual and compelling circumstances, grant an appellant such relief pursuant to Tenn. R. Civ. P. 60. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997).

S.W.3d at 869. Because this court lacks jurisdiction to hear the appeal, Mr. and Mrs. Hutchins's request for voluntary dismissal is immaterial.

The appeal is hereby dismissed. The costs are taxed to Jerry Hutchins, Jr. and Laura Hutchins and to their surety for which execution, if necessary, may issue.

PER CURIAM