IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on February 27, 2013

## METROPOLITAN GOVERNMENT OF NASHVILLE v.
## DERYL L. BAKER

**Appeal from the Circuit Court for Davidson County**
**No. 12C3665     Carol Soloman, Judge**

_____

**No. M2013-00426-COA-R3-CV - Filed March 5, 2013**

_____

This is an appeal from a judgment entered on January 2, 2013.  Because the appellant did not file his notice of appeal with the trial court clerk within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., J., ANDY D. BENNETT, J., RICHARD H. DINKINS, J.

Deryl Baker, Nashville, Tennessee, Pro Se.

Patrick John Bradley, Nashville, Tennessee, for the appellee, Metropolitan Government of Nashville and Davidson County.

**MEMORANDUM OPINION**[1]

The Metropolitan Government of Nashville and Davidson County has filed a motion to dismiss this appeal for failure to file a timely notice of appeal.  Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the judgment appealed.  Metro asserts that the trial court entered its judgment on January 2, 2013, and that the appellant, Deryl L. Baker, did not file his notice

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

of appeal until February 4, 2013, thirty-three days later. Mr. Baker concedes that he filed the notice of appeal late due to a miscalculation, but requests that this court grant him relief from his mistake pursuant to Tenn. R. Civ. P. 60.

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The trial court may, under unusual and compelling circumstances, grant an appellant relief pursuant to Tenn. R. Civ. P. 60 from the failure to file a timely notice of appeal. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997). However, relief pursuant to Tenn. R. Civ. P. 60 is available only from the trial court. Tenn. R. Civ. P. 1. No such relief is available from this court. The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The costs of the appeal are taxed to Deryl L. Baker and his surety for which execution may issue.

PER CURIAM