IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned May 22, 2013

## BRINGLE FARMS PARTNERSHIP v. STATE OF TENNESSEE

**Tennessee Claims Commission**
**No. 20-090-796, Robert Hibbett, Commissioner**

_____

**No. M2013-01029-COA-R3-CV - Filed May 28, 2013**

_____

The claimant has filed a notice of appeal from an Order Denying Claimant's Motion for En Banc Review entered by the Tennessee Claims Commission on February 26, 2013. Because the claimant did not file its notice of appeal with the clerk of the Claims Commission within the time permitted by Tenn. R. App. P. 4, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Allan Wilson Wages, Millington, Tennessee, for the appellant, Bringle Farms Partnership.

Robert E. Cooper, Attorney General and Reporter, Melissa Ann Brodhag, Assistant Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION[1]**

On February 26, 2013, the Tennessee Claims Commission entered an Order Denying Claimant's Motion for En Banc Review. The claimant, Bringle Farms Partnership, elected to appeal and, on March 25, 2013, counsel for Bringle Farms prepared a notice of appeal to

_____

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

be mailed to the clerk of the Claims Commission. However, the notice of appeal intended to be sent to the clerk of the Claims Commission was inadvertently mailed to opposing counsel instead. Counsel for Bringle Farms subsequently discovered the error and filed the notice of appeal with the clerk of the Claims Commission on April 24, 2013, fifty-seven days after entry of the order appealed.

Tenn. R. App. P. 4(a) requires that a notice of appeal be "filed with and received by" the trial court clerk within thirty (30) days after entry of the order appealed. Bringle Farms contends its notice of appeal should be considered timely because it was mailed within the thirty day period even though it was sent to the wrong address. However, mailing a notice of appeal to the wrong address does not constitute timely filing. Moreover, Tenn. R. App. P. 4 requires that a notice of appeal be actually received by the trial court clerk within the thirty day period. Bringle Farms does not dispute that the notice of appeal was received by the trial court clerk well beyond the thirty days time limit provided by Tenn. R. App. P. 4.

Bringle Farms also asserts that its mistake regarding the address was due to inadvertence or excusable neglect and that it is entitled to relief under Tenn. R. Civ. P. 60. It points to a flood at counsel's home and counsel's entire office coming down with the flu during the relevant time period as grounds for Tenn. R. Civ. P. 60 relief. However, the time limit for filing a notice of appeal is mandatory and jurisdictional, *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004), *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003), and this court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). While Bringle Farms may possibly be entitled to relief from the trial court pursuant to Tenn. R. Civ. P. 60, Tenn. R. App. P. 4(a) *Advisory Commission Comments, McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795-96 (Tenn. Ct. App. 1997), this court has no authority to grant such relief. The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Any relief under Tenn. R. Civ. P. 60 must be sought in the trial court.

This appeal is hereby dismissed for failure to file a timely notice of appeal. The costs are taxed to Bringle Farms Partnership and its surety for which execution may issue.

PER CURIAM