IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
[DocketSession]

## GAYLE CONNELLY V. PETER NAPOLITANO

**Appeal from the Circuit Court for Montgomery County**
**No. MCCCCVCT11640      Thomas W Brothers, Judge**

**No. M2013-01385-COA-R3-CV - Filed October 8, 2013**

The trial court in this case entered two identical final judgments fifteen days apart. The appellant filed her notice of appeal within thirty days of the second judgment, but not the first. Because the thirty day time limit for filing a notice of appeal runs from the entry of the first judgment, the notice of appeal was not timely filed. Although the appellant may seek relief from the trial court pursuant to Tenn. R. Civ. P.60, the failure to file a timely notice of appeal deprives this court of jurisdiction, and the appeal must be dismissed.

**Tenn. R. App. P. 3, Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., ANDY D. BENNETT, J. and RICHARD H. DINKINS, J.

Timothy Howland Nichols, Nashville, Tennessee, for the appellant, Gayle Connelly.

Wayne David Hibbeler, Clarksville, Tennessee, for the appellee, Peter Napolitano.

### MEMORANDUM OPINION[1]

This appeal involves a dispute between an attorney, Peter Napolitano, and his former client, Gayle Connelly. The trial court dismissed Ms. Connelly's claims against Mr. Napolitano on February 21, 2013, but did not dispose of Mr. Napolitano's counter-claim.

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The parties then filed a joint motion asking the trial court to direct the entry of a final judgment pursuant Tenn. R. Civ. P. 54.02. On May 2, 2013, the trial court entered an agreed order directing the entry of a final judgment. On May 17, 2013, the trial court entered the same agreed order again. Ms. Connelly filed her notice of appeal on June 7, 2013.

Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with and received by the trial court clerk within thirty (30) days after entry of the judgment appealed. Where two identical judgments are entered, the time for filing a notice of appeal begins to run upon entry of the first judgment. *Ball v. McDowell*, 288 S. W. 3d 833, 838 (Tenn. 2009) ("When consecutive 'final' judgments are entered, a subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment.") Ms. Connelly's notice of appeal was not filed with the trial court clerk within thirty days after entry of the May 2, 2013 judgment. The entry of an identical judgment on May 17, 2013, did not extend the time for filing the notice of appeal.

On September 23, 2013, this court ordered Ms. Connelly to show cause why her appeal should not be dismissed for failure to file a timely notice of appeal. In her response, Ms. Connelly asserts that a miscommunication resulted in the entry of duplicate orders and a lack of notice to her counsel concerning the date of entry of the final judgment. She does not dispute that her notice of appeal was untimely, but contends that she is entitled to relief from the trial court pursuant to Tenn. R. Civ. P.60. Ms. Connelly thus requests that this court remand the case to the trial court for consideration of a Tenn. R. Civ. P.60 motion rather than dismiss the appeal.

The time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). The trial court may, under unusual and compelling circumstances, grant an appellant relief pursuant to Tenn. R. Civ. P. 60 from the failure to file a timely notice of appeal. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997). However, relief pursuant to Tenn. R. Civ. P. 60 is available only from the trial court. Tenn. R. Civ. P. 1. The failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869. Lacking jurisdiction, we have no choice but to dismiss the appeal. On remand, however, Ms. Connelly may seek relief from the trial court pursuant to Tenn. R. Civ. P.60 and may filed a new appeal should the trial court grant such relief.

The appeal is hereby dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs are taxed to Gayle Connelly and her surety for which execution, if necessary, may issue.

PER CURIAM