IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 22, 2014 Session

# WILLIAM H. FLEMING
v.
# TEJINDER SAINI, M.D. AND HEALTHQUEST CLINIC

**Appeal from the Circuit Court of Shelby County**
**No. CT-000418-12   Gina C. Higgins, Judge**

**No. W2013-01540-COA-R3-CV - Filed June 10, 2014**

This is an appeal from the denial of a post-judgment motion. The defendants filed a motion to dismiss the plaintiff's lawsuit. At the hearing on the motion, the plaintiff agreed to dismissal of his lawsuit. The trial court entered an order dismissing the lawsuit and assessing court costs against the plaintiff. The plaintiff filed a timely motion to alter or amend, asking the trial court to reconsider the award of court costs; this was denied. The plaintiff filed a second motion to alter or amend, again seeking reconsideration of the award of court costs; this request for reconsideration was denied as well. The plaintiff now appeals the trial court's order on the second post-judgment motion. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Plaintiff/Appellant William H. Fleming, Memphis, Tennessee, self-represented

Betty Campbell and Elizabeth E. Chance, Memphis, Tennessee, for Defendant/Appellees Tejinder Saini, M.D. and Healthquest[1]

---

[1]The style of the case as filed by Fleming refers to "Healthquest Clinic," but apparently the proper name of the Defendant/Appellee is Healthquest.

# OPINION

## FACTS AND PROCEEDINGS BELOW

In May 2011, Plaintiff/Appellant William H. Fleming, representing himself, filed a civil warrant in the Shelby County General Sessions Court against Defendant/Appellees Tejinder Saini, M.D. and Healthquest (hereinafter collectively "Defendants"). The civil warrant alleged: "Dereliction of Duty – Negligence – Conspiracy – The Doctor has had my paperwork for 20 or more days not returning my phone calls - causing me [financial] & stressful[] harm." The civil warrant appears to allege that Fleming submitted medical forms to Defendants in connection with a workers' compensation matter, and the documents were not returned to him.

In January 2012, Defendants filed a motion to dismiss Fleming's claim. The motion asserted that Fleming did not comply with the requirements of the Tennessee Medical Malpractice Act ("TMMA"). Specifically, Defendants argued that Fleming failed to give written notice of his claim and failed to include a good faith certificate with the civil warrant. *See* Tennessee Code Annotated §§ 29-26-121 and 29-26 -122 (2013). The General Sessions Court dismissed Fleming's case with prejudice. Fleming appealed to the Shelby County Circuit Court.

In July 2012, the Defendants filed a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. The motion again asserted that Fleming did not comply with the TMMA requirements. Fleming did not file a response to the motion to dismiss.

In August 2012, the trial court held a hearing on the Defendants' motion to dismiss. According to Fleming, when the hearing began, he "asked for and received the return of [his] medical forms from the Defendants['] attorney." Having received the medical paperwork he sought, Fleming chose not to oppose the Defendants' motion to dismiss. Accordingly, the trial court orally granted Defendants' motion to dismiss the case.[2]

---

[2]The transcript of the hearing includes the following exchange:

> Fleming: I really didn't want to damage their reputation, so I didn't pursue this like I should have pursued it. I want to let her drop it and all that, let someone else pick it up and we'll take it from there.
>
> The Court: You want to do what? You want to drop it?
>
> Fleming: Yeah, let it be dismissed. I'll take it from there.
>
> The Court: So you're not responding to their motion, you just want the case to be dismissed?

(continued...)

-2-

On August 31, 2012, the trial court entered a written order to the same effect. The order granted the "unopposed motion to dismiss," citing Fleming's failure to comply with the TMMA. (Emphasis in original). The order assessed costs against Fleming.

On September 17, 2012, Fleming timely filed a handwritten "Motion for a Judicial Review." In his motion, Fleming recounted his year-long quest to obtain the return of the medical paperwork in Defendants' possession. His efforts reportedly included 2 court appearances, 15 phone calls to Healthquest, and an appointment with Dr. Saini. Because he finally obtained the desired medical records at the hearing on the Defendants' motion to dismiss, Fleming argued that he "won" his case. For this reason, Fleming's motion asked the trial court to return the court costs and fees to him.

Defendants opposed Fleming's post-judgment motion for the return of the court costs and fees. Defendants argued that Fleming did not "win" because his case was dismissed on the basis that Fleming failed to comply with the TMMA. After a hearing on December 7, 2012, the trial court issued an oral ruling denying Fleming's motion.

On January 7, 2013, prior to entry of a written order, Fleming filed another handwritten motion. This one was entitled "Motion to Alter or Amend Judg[]ment," regarding the trial court's August 31, 2012 order dismissing his complaint. Generally, it made the same arguments made in Fleming's first post-judgment motion, the "Motion for a Judicial Review," and expressed Fleming's disagreement with the trial court's December 7, 2012 oral ruling denying Fleming's first post-judgment motion. This motion was filed more than thirty days after the entry of the August 31, 2012 judgment, as set forth in Tenn. R. Civ. P. 59.04.

On January 22, 2013, the trial court entered a written order on Fleming's "Motion for a Judicial Review," i.e., his first post-judgment motion. The order reiterated the trial court's oral ruling denying the motion, finding that Fleming was not the prevailing party and declining to change the award of court costs against Fleming. The trial court also declined to reconsider its prior dismissal of Fleming's complaint.

---

[2](...continued)

| | |
|---|---|
| Fleming: | I mean, that's where it seems to be headed. So I'm just going to go along with that. . . . |
| The Court: | All right. You have no response to the substance of their motion? |
| Fleming: | This is what I needed right here. |
| The Court: | You have what you want? |
| Fleming: | That's what I needed. |
| The Court: | All right, sir. I'm going to show that their motion is granted. Your case is dismissed. |

In March 2013, Defendants responded to Fleming's second post-judgment motion, the "Motion to Alter or Amend Judg[]ment." Defendants argued that the second post-judgment motion was untimely because it was not filed and served within thirty days after the entry of the August 31, 2012 judgment, as required under Rule 59.04 of the Tennessee Rules of Civil Procedure.[3]

On May 24, 2013, the trial court held a hearing on Fleming's second post-judgment motion. After the hearing, on May 31, 2013, the trial court entered an order granting the motion in part and denying it in part. The trial court granted Fleming's motion "only as to [Fleming's] request that the language of the August 31, 2012 Order of Dismissal be amended to expressly state whether Defendants['] Rule 12.06 Motion to Dismiss was granted 'without prejudice' or 'with prejudice'. . . ." At the hearing, the trial court told Fleming:

> I thought it would be in your best interest if I left [the final order of dismissal] without prejudice but all that's doing is fueling you to keep coming back and coming back. We tried to explain to you that the language in the motion itself was with prejudice but I did not grant the motion with prejudice. I think it's creating some confusion for you. . . . So, in order to facilitate where this case is going to go and to hopefully give you some finality on it, I am going to rule that the motion – to the extent that your motion to alter or amend is granted only as to the language of your motion is denied with prejudice. . . . I am going to amend, grant your motion to amend, with regard to the language, and the language will say that the motion to dismiss is granted with prejudice.

Thus, at the hearing, the trial judge told Fleming that she would amend the order dismissing his complaint to change it from a dismissal without prejudice to a dismissal with prejudice. Otherwise, the trial court denied his motion, and thus declined to reconsider its decision to assess court costs against Fleming.

After the hearing, on May 31, 2013, the trial court entered an order granting the motion in part and denying it in part. It granted Fleming's motion "<u>only</u> as to [Fleming's] request that the language of the August 31, 2012 Order of Dismissal be amended to expressly state whether Defendants['] Rule 12.06 Motion to Dismiss was granted 'without prejudice' or 'with prejudice'. . . ." (Emphasis in original). As promised, the order amended the trial court's prior order dismissing Fleming's complaint, to change it from a dismissal without prejudice to a dismissal "with prejudice." The order denied Fleming's motion in all other respects.

---

[3] Rule 59.04 states: "A motion to alter or amend a judgment shall be filed and served within thirty (30) days after the entry of the judgment." Tenn. R. Civ. P. 59.04 (2013).

-4-

On June 27, 2013, Fleming filed his notice of appeal, appealing the May 31, 2013 order.

## ISSUES ON APPEAL AND STANDARD OF REVIEW

We reproduce the issue Fleming raises on appeal,[4] as it is stated in the Statement of the Issues in his appellate brief:

> Whether the Circuit Court erred in its Ruling In me getting my propert in a Court room setting, In calling the Case a "Partial Dismissal" I should be granted Court Cost and damages on the Part of the case I won. It cost me money to get Justic. When the Judge dismissed the case The Judge ruled a dismissle She stated that since the paperwork (Medical Documents) were not filled out they were of no importance. I think she erred and opened the door for me to argue the point of malpractice in my (Ex. B) Pl next appeal, I brought the point up but she refuse to hear it. (Page 11, Transcript Dated May 24, 2013) I think the Judge could have drawn on her own life experinces As the importance of getting Med. Forms returned.

In response, Defendants argue that Fleming's appeal is untimely and that this appeal should be dismissed.[5] If the appellate court determines that it has subject matter jurisdiction, Defendants contend that Fleming cannot appeal the dismissal of his case because he consented to it. Defendants assert that the trial court did not abuse its discretion in denying Fleming's post-judgment motion and that Fleming raises no issues on appeal for which he is entitled to relief.

Whether an appeal is timely filed implicates the appellate court's subject matter jurisdiction. As such, it presents a question of law, which the appellate court reviews *de novo* with no presumption of correctness. *In re Estate of Brown*, 402 S.W.3d 193, 198 (Tenn. 2013); *Button v. Waite*, 208 S.W.3d 366, 369 (Tenn. 2006).

A trial court's ruling on a post-judgment motion to alter or amend a judgment filed pursuant to either Rule 59.04 or Rule 60.02 of the Tennessee Rules of Civil Procedure is reviewed under the abuse of discretion standard. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487

---

[4]We consider only the issue Fleming states in the Statement of the Issues in his brief and decline to consider other issues he may raise in the body of his brief or in his reply brief. Tenn. R. App. P. 13(b); *Owen v. Long Tire, LLC*, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011).

[5]Defendants also assert that Fleming's supplemental brief is improper and ask this Court to strike it. We respectfully decline to do so.

(Tenn. 2012). "Abuse of discretion is found 'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.' " *Discover Bank*, 363 S.W.3d at 487 (citing *State v. Jordan*, 325 S.W.3d 1, 39 (Tenn. 2010)). Under the abuse of discretion standard, the appellate court will uphold the trial court's ruling so long as reasonable minds can disagree as to the propriety of the trial court's decision; it does not permit the appellate court to substitute its judgment for that of the trial court. *Discover Bank*, 363 S.W.3d at 487 (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)).

## ANALYSIS

Before we can consider the substantive issues raised by Fleming on appeal, we are obliged to address Defendants' argument that Fleming's appeal is not timely and therefore this Court lacks subject matter jurisdiction to hear this appeal. *See* Tenn. R. App. P. 13(b); *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004). Subject matter jurisdiction involves a court's lawful authority to adjudicate a particular controversy. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). If this Court does not have subject matter jurisdiction over the appeal, the appeal must be dismissed. *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 424 (Tenn. Ct. App. 2007).

Defendants argue that Fleming's appeal is untimely because the order he appeals, the trial court's May 31, 2013 order on Fleming's "Motion to Alter or Amend Judg[]ment," adjudicated a late-filed and improper motion to alter or amend. Fleming filed his "Motion to Alter or Amend Judg[]ment" more than 30 days after the final judgment was entered, they argue, so his motion was untimely under Rule 59 of the Tennessee Rules of Civil Procedure. By that time, Defendants contend, the trial court no longer had authority to revise its final order, so its May 31, 2013 order adjudicating Fleming's motion was void. If the trial court's order was void, it did not extend the 30-day period for Fleming to appeal the dismissal of his complaint. This in turn deprived the appellate court of jurisdiction to hear this appeal, Defendants assert, because a notice of appeal from an untimely post-judgment motion renders the appeal untimely. For these reasons, Defendants ask this Court to dismiss Fleming's appeal.

We must respectfully reject this argument. Rule 4 of the Tennessee Rules of Appellate Procedure states that a notice of appeal must "be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a); *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Here, Fleming filed his

notice of appeal on June 27, 2013, well within the thirty-day limit to appeal the trial court's May 31, 2013 order.

Defendants insist that Fleming's motion was untimely, so the trial court was without authority to adjudicate it, so in turn this Court is without authority to hear this appeal. This reasoning is fallacious. As discussed more fully below, we agree that Fleming's "Motion to Alter or Amend Judg[]ment" is untimely under Rule 59.04 of the Tennessee Rules of Civil Procedure, as it was filed more than 30 days after entry of the final judgment. This means that the motion does not extend the time for Fleming to appeal the judgment, and is a valid reason for the trial court to deny Fleming's motion, but it does not deprive the trial court of *subject matter jurisdiction* to adjudicate Fleming's motion. Moreover, *even if* the trial court lacked subject matter jurisdiction to adjudicate Fleming's post-judgment motion, this fact would not deprive the appellate court of subject matter jurisdiction to review the trial court's adjudication of Fleming's motion. If that were true, there would be no way for any appellate court to determine whether the trial court ruled correctly on the post-judgment motion. Were we to accept Defendants' assertion, it would mean that the trial court's May 31, 2013 order is unappealable and unreviewable, even if the notice of appeal is filed within 30 days of entry of the order. Clearly this is not the case. *See, e.g., Seay ex rel. Nationwide Ins. v. Walsh*, No. E2010-02598-COA-R3-CV, 2011 WL 3557077, at *3 (Tenn. Ct. App. Aug. 11, 2011). Defendants contend that the trial court's order is void, but the appellate court must have the authority to make the determination as to the validity of the lower court's order. We decline to hold that this Court is without subject matter jurisdiction to hear this appeal.

Defendants argue that Fleming cannot appeal the dismissal of his case because he consented to it, and that the trial court appropriately dismissed his case for failure to comply with the requirements of the TMMA. As we read the issue raised by Fleming in his Statement of the Issues, he primarily disputes the trial court's decision to assess court costs against him, not the dismissal of his case in chief.[6] We note that, while Fleming consented to dismissal of his lawsuit, he did not consent to the award of costs against him. At any rate, we need not address the propriety of the trial court's dismissal of Fleming's lawsuit.[7]

---

[6] In his Statement of the Issues, Fleming does not raise any issue as to the trial court's decision to change the dismissal of his case to a dismissal with prejudice. To the extent that Fleming may seek elsewhere in his appellate filings to appeal the propriety of the trial court's decision to dismiss his lawsuit with prejudice, we decline to address it. *See* Tenn. R. App. P. 13(b); *Owen,* 2011 WL 6777014, at *4.

[7] As Fleming is self-represented, his lawsuit is inartfully drawn. However, we note that the relief he seeks is primarily the return of certain documents in the possession of Defendants, who happen to be healthcare providers. Under these circumstances, we find it surprising that Defendants would contend that Fleming's lawsuit is primarily a heath care liability action and that, to avoid dismissal, Fleming was required to comply with the exacting filing and pre-filing requirements set forth in the TMMA. We also find it surprising that

(continued...)

We now consider the issue Fleming raises on appeal. In the second post-judgment motion, entitled "Motion to Alter and Amend Judg[]ment" and filed on January 7, 2013, Fleming made essentially the same arguments made in his first post-judgment motion, the "Motion for a Judicial Review." In both, Fleming argued that the trial court erred in assessing court costs against him. He contended that, since the primary relief he sought was possession of certain documents that Defendants would not return to him, and that he obtained possession of the documents at the hearing on Defendants' motion to dismiss, he in effect prevailed in his lawsuit and should not have to pay the court costs. In response to both post-judgment motions, the trial court declined to reconsider its decision on court costs and left intact the award of court costs against Fleming. Fleming now makes the same arguments that he made in the trial court and asks this Court to reverse the trial court's decision as to the court costs.

The trial judge's remarks at the hearing on Fleming's "Motion to Alter and Amend Judg[]ment," quoted above, reveal her frustration at Fleming's successive post-judgment motions. In a previous case, this Court addressed a situation in which the appellant had filed successive post-judgment motions, repeatedly asking the trial court to reconsider a decision already made:

> The substance of the September 20, 2010, motion makes it clear that it was asking the court to reconsider its July 27, 2010 order. The motion was clearly untimely. A "motion to reconsider" can be treated as a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04. ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 794 n. 3 (Tenn. Ct. App. 1997); Bradley H. Smith, Note, *The Tennessee Rules of Civil Procedure—Solving the Motion to Reconsider Conundrum*, 34 U. Mem. L. Rev. 661, 691 (2004). However, Rule 59.04 explicitly states that the motion must be filed within 30 days of entry of the order being challenged. The Driver's motion "to reconsider" was filed approximately 55 days after the order was entered, on July 27, 2010. Accordingly, the trial court did not abuse its discretion in denying this untimely motion.

***Seay***, 2011 WL 3557077, at *3 (footnote omitted). The ***Seay*** Court cited Rule 59.04 of the Tennessee Rules of Civil Procedure, which states: "A motion to alter or amend the judgment shall be filed and served within thirty (30) days after the entry of judgment." ***Id.*** at *3 n. 6. For this reason, the ***Seay*** Court made it clear that the original judgment became final and was

---

[7](...continued)
the trial court would agree with this argument in this case. Trial courts should be vigilant to guard against misuse of the TMMA as a vehicle for a defendant to obtain dismissal of a lawsuit that is not primarily a health care liability action.

not the subject of the appeal; the only subject of the appeal was the trial court's denial of the latest of the appellant's successive post-judgment motions.[8] *Id.* at *3.

Similarly, in this case, Fleming did not appeal the trial court's order dismissing his lawsuit, nor did he appeal the trial court's denial of his first post-judgment motion. Instead, he appealed the trial court's denial of his second post-judgment motion. As noted above, the second post-judgment motion was untimely. Although Fleming does not cite Tenn. R. Civ. P. 59.04 in his "Motion to Alter or Amend Judg[]ment," that is clearly what the motion is. It was filed more than thirty days after entry of the final judgment, so it is untimely under Rule 59.04. Moreover, Fleming's "Motion to Alter or Amend Judg[]ment" essentially reiterated Fleming's request that the trial court reconsider its decision to assess the court costs against him. The trial court had already denied this request in its ruling on Fleming's earlier "Motion for a Judicial Review." Under these circumstances, we cannot conclude that the trial court abused its discretion in denying Fleming's "Motion to Alter and Amend Judg[]ment." [9]

All other issues raised on appeal are pretermitted this decision.

## CONCLUSION

The trial court's decision is affirmed. Costs on appeal are assessed against Plaintiff/Appellant William H. Fleming, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE

---

[8]In the alternative, the *Seay* Court analyzed the post-judgment motion as a Rule 60.02 motion, since a Rule 60.02 motion can be filed more than 30 days after entry of the judgment. *Seay,* 2011 WL 3557077, at *3. In this case, we considered treating Fleming's "Motion to Alter or Amend Judg[]ment" as a Rule 60.02 motion. However, the substance of Fleming's motion did not fit any of the criteria for a Rule 60.02 motion; in essence, Fleming's motion is a Rule 59.04 motion since it asserts that the trial court erred in assessing court costs against Fleming and asks the trial court to reconsider the award. Tenn. R. Civ. P. 59.04 and 60.02. Therefore, we do not analyze Fleming's "Motion to Alter or Amend Judg[]ment" under Rule 60.02.

[9] We note that a trial court's award of court costs is also reviewed on appeal under an abuse of discretion standard. *Stalworth v. Grummons,* 36 S.W.3d 832, 835 (Tenn. Ct. App. 2000) (citing Tenn. R. Civ. P. 54.04). If we were to review the merits of the trial court's decision to assess court costs against Fleming, we would find no abuse of the trial court's discretion.