IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 6, 2018

IN RE SHARDA R. ET AL.

**Appeal from the Juvenile Court for Bedford County**
**No. 17JV271  Charles L. Rich, Judge**

_____

**No. M2018-00616-COA-R3-PT**

_____

This is an appeal from an order entered on February 23, 2018, terminating the mother's parental rights. The mother filed her notice of appeal on April 5, 2018, together with a motion to accept an untimely notice of appeal. Because the thirty-day time limit for filing a notice of appeal is jurisdictional and cannot be waived, we deny the mother's motion and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., RICHARD H. DINKINS, and W. NEAL MCBRAYER, JJ.

M. Wesley Hall, IV, Unionville, Tennessee, for the appellant, Felicia Shetara Hatton.

Herbert H. Slatery III, Attorney General and Reporter; and Alexander S. Rieger, Assistant Attorney General, for the appellee, Tennessee Department of Children's Services.

Kristin Bargers Green, Shelbyville, Tennessee, Guardian Ad Litem.

# MEMORANDUM OPINION[1]

On April 5, 2018, the mother filed a notice of appeal to this court from an order entered by the Juvenile Court for Bedford County on February 23, 2018, terminating her parental rights. On the same date, the mother filed a Motion to Accept Untimely Filing of Notice of Appeal. Tenn. R. App. P. 4(a) requires that a notice of appeal be filed with the clerk of this court within thirty days after entry of the judgment appealed. The mother filed her notice of appeal forty-one days after entry of the judgment appealed.

In her motion, the mother concedes that her notice of appeal is untimely but nevertheless requests that the court allow her appeal to proceed. While we are cognizant of the rights at stake in this appeal, the time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This court can neither waive nor extend the time period.[2] Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

The mother's failure to file a timely notice of appeal deprives this court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869. The Motion to Accept Untimely Filing of Notice of Appeal is denied, and the appeal is dismissed. The costs are taxed to the mother for which execution may issue.

PER CURIAM

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Although this court cannot waive the late filing, the trial court may, under unusual and compelling circumstances, grant an appellant relief from the failure to file a timely notice of appeal under Tenn. R. Civ. P. 60. Tenn. R. App. P. 4(a), *Advisory Commission Comments; McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997).