IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 16, 2019 Session

## BRUCE MILTON MILLER v. LUCINDA MILLER MILLER

Appeal from the Chancery Court for Sullivan County
No. 82CH1-2016-CV-18179    E.G. Moody, Chancellor

_____

No. E2018-01058-COA-R3-CV
_____

Bruce Milton Miller ("Husband") and Lucinda Miller Miller ("Wife") were divorced in December of 2017.  The parties entered into a Mediation Agreement, a Marital Dissolution Agreement ("MDA"), and a Permanent Parenting Plan in connection with the divorce.  In February of 2018, Husband filed a Rule 60 motion seeking to reform the parties' MDA.  The Trial Court entered its order on May 24, 2018, reforming the MDA based upon mutual mistake and awarding retroactive child support.  Wife appeals to this Court raising issues regarding the reformation of the MDA and the amount of retroactive child support awarded.  We find and hold that no proof was presented of a mutual mistake, and therefore, the Trial Court erred in reforming the MDA.  We further find and hold that Wife waived her issue as to retroactive child support.  We, therefore, vacate that portion of the Trial Court's May 24, 2018 order reforming the MDA and affirm the portion awarding retroactive child support.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated, in part; Affirmed, in part; Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Thomas C. Jessee, Johnson City, Tennessee, for the appellant, Lucinda Miller Miller.

Jason A. Creech, Suzanne S. Cook, and Matthew F. Bettis, Johnson City, Tennessee, for the appellee, Bruce Milton Miller.

# OPINION

## Background

Husband and Wife were divorced by order entered December 12, 2017. The parties entered into an MDA in connection with the divorce, which provides, in pertinent part:

> Husband is awarded the marital residence located at 304 Olinger Road, Kingsport, Tennessee consisting of the home and +-50 acres. Husband shall assume all indebtedness on the real estate and shall hold Wife harmless from any and all claims for the indebtedness and ownership of said property. Husband shall pay to Wife the sum of $475,000.00 in exchange for her interest in the same. Wife shall execute such documents as may be necessary to effectuate transfer of the same upon payment of $475,000.00 from Husband.

> * * *

> 12. Independent Counsel and Full Disclosure: The parties declare that each has had the opportunity to seek independent advice of his or her own counsel and that each disclosed the full extent and nature of his and her respective assets, liabilities and expenses. Both parties have exercised their discover rights [sic] to their complete satisfaction. Both parties have had such access to records, documents, accounts, things, and experts as they desire. Both parties waive any claim to set this Agreement aside based upon lack of knowledge or failure to disclose financial information except as otherwise provided for in the Agreement.

In January of 2018, Wife filed a motion seeking to enforce the MDA and the Permanent Parenting Plan alleging, in part, that Husband had not paid Wife $475,000.00 for the Olinger Road property and that Husband had not paid any child support since the filing of the complaint for divorce. Husband then filed a Rule 60 motion seeking to reform the parties' MDA alleging mutual mistake as to the value of the Olinger Road property.

After a hearing on the pending motions, the Trial Court entered its order on May 24, 2018 awarding retroactive child support and finding and holding:

After consideration of exhibits presented to the Court and the Final Decree of Divorce with the MDA and Exhibit A thereto, the Court finds that the parties intended to equally divide the marital assets and debts, that Father's "Rule 60 Motion and Motion to Reform Contract" was timely filed and that a mutual mistake occurred as to the appraised value of 304 Olinger Road property such that the Marital Dissolution Agreement is reformed to reflect that the appraised value is at $880,000.00, and after subtracting the debt upon the home from said value, Wife's equitable share in said property is $332,500.00[.]

Wife appeals the Trial Court's May 24, 2018 order to this Court.

## Discussion

Although not stated exactly as such, Wife raises two issues on appeal: 1) whether the Trial Court erred in reforming the parties' MDA; and, 2) whether the Trial Court erred in making its award of child support. Husband raises an issue regarding whether he is entitled to an award of attorney's fees.

We first consider whether the Trial Court erred in reforming the parties' MDA. Husband filed a motion pursuant to Rule 60.02 seeking to reform the MDA alleging that there had been a mutual mistake with regard to the value of the Olinger Road property. In *Selitsch v. Selitsch*, this Court explained:

> We review motions for relief based on Rule 60.02 grounds under an abuse of discretion standard. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993); *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). "Abuse of discretion is found 'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" *Morgan*, 363 S.W.3d at 487 (quoting *State v. Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). Thus, the appellate court should "review a [trial] court's discretionary decision to determine (1) whether the factual basis for the decision is properly supported by evidence in the record, (2) whether the [trial] court properly identified and applied the most appropriate legal principles applicable to the decision, and (3) whether the [trial] court's decision was within the range of acceptable alternative dispositions." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524–25 (Tenn. 2010) (internal citations omitted).

* * *

3

Relief under Rule 60.02 is considered an exceptional remedy that is designed to strike a proper balance between the competing principles of finality and justice. *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 127 (Tenn. 2013). The burden is on the party seeking this extraordinary relief to establish facts explaining why such relief is justified. *Wine v. Wine*, 245 S.W.3d 389, 397 (Tenn. Ct. App. 2007).

> A party seeking relief under Rule 60.02 must substantiate the request with clear and convincing evidence." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 n.3 (Tenn. 1992). "In other words, the evidence must be such that the truth of the facts asserted [is] 'highly probable.' " *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175, 187 (Tenn. 2009) (quoting *Teter v. Republic Parking Sys., Inc.*, 181 S.W.3d 330, 341 (Tenn. 2005)). In general, "the bar for attaining relief is set very high and the burden borne by the movant is heavy." *Johnson v. Johnson*, 37 S.W.3d 892, 895 n.2 (Tenn. 2001).

*Furlough*, 397 S.W.3d at 128.

*Selitsch v. Selitsch*, 492 S.W.3d 677, 681-83 (Tenn. Ct. App. 2015).

A careful and thorough review of the record on appeal reveals that Husband put on no evidence whatsoever of mutual mistake, much less clear and convincing evidence. Rather, during the hearing the Trial Court heard only argument of counsel.[1] "Statements of counsel are not evidence or a substitute for testimony, and judgment based upon neither evidence nor stipulation of the parties may be vacated if evidence is the basis of the holding." *Hathaway v. Hathaway*, 98 S.W.3d 675, 681 (Tenn. Ct. App. 2002).

---

[1] During the hearing Husband did interject a few comments during his attorney's argument. The substance of these comments pointed out the location of a number on the appraisal held by counsel and made an assertion about the property on Old Island Trail being Wife's privately owned property. Husband was not being questioned when he made these comments. He simply spoke up during argument. Wife was not given an opportunity to cross-examine Husband about these comments. Furthermore, and most importantly, none of these comments constituted evidence as to a mutual mistake about the value of the Olinger Road property.

Husband provided this Court with two supplemental authorities in an attempt to argue that Wife failed to show that the Trial Court erred in reforming the MDA. Husband cited to *Coakley v. Daniels*, wherein this Court stated: "In the absence of a transcript of the evidence, there is a conclusive presumption that there was sufficient evidence before the trial court to support its judgment, and this Court must therefore affirm the judgment." *Coakley v. Daniels*, 840 S.W.2d 367, 370 (Tenn. Ct. App. 1992). [2] While this statement is correct, it does not apply to the case now before us on appeal. In the case now before us on appeal the record on appeal clearly reveals that NO evidence whatsoever was presented to the Trial Court in support of the Rule 60 motion. As it is clear that NO evidence was presented, it would defy logic to presume that the Trial Court had sufficient evidence to support its judgment. As Husband failed to put on clear and convincing evidence of mutual mistake, he was not entitled to relief pursuant to Rule 60.[3] We, therefore, vacate that portion of the Trial Court's May 24, 2018 order reforming the parties' MDA.

Next, we consider whether the Trial Court erred in making its award of child support. In her brief on appeal, Wife asserts that Husband's income was higher than the figure listed on the child support worksheet and that the Trial Court should have used the higher amount when making its calculation.

Husband argues in his brief on appeal that Wife waived this issue. At the hearing on Wife's motion seeking to enforce the MDA and Husband's Rule 60 motion, the following exchange occurred between the Trial Court and Wife's counsel:

> THE COURT: Okay, what about Mr. Jessee, you filed the first motion. Have those . . .?
> MR. JESSEE: Your Honor, I did file the first motion and all those issues are resolved.
> THE COURT: Okay.
> MR. JESSEE: Everything has now been paid except the child support and the issue is . . .
> MS. COOK: Oh, yeah, that's . . .

---

[2] The second supplemental authority cited by Husband is *Robbins v. Money*, No. 03A01-9703-CV-00072, 1997 WL 406653 (Tenn. Ct. App. July 22, 1997), *no appl. perm. appeal filed*, which quotes *Coakley v. Daniels*, but adds nothing new or different to the analysis.

[3] We note that the MDA clearly and unambiguously provides that "Husband shall pay to Wife the sum of $475,000.00 in exchange for her interest [in the Olinger Road property]," and that despite Husband's assertion to the contrary, the MDA contains no provision whatsoever showing that the parties intended to divide all marital property equally. The fact that certain specific items of property are divided equally does not in and of itself indicate an intent to divide all items of marital property equally.

MR. JESSEE: . . . the first child support payment was not, we were, we were trying to get, you know the marital dissolution agreement does not cover child support. It's in the parenting plan. The Court has discretion back to the day the divorce complaint was filed. No child support was paid until after the marital dissolution agreement and decree were entered and it's our position that the delay in him knowing how much he was going to pay was based on getting his numbers to do the child support worksheet, so we believe the child support goes, he paid, he paid no child support until the divorce decree was entered.

THE COURT: Okay, well, that's, it's really pretty simple. There was a temporary parenting plan. There was a child support worksheet attached to that so that amount, it was, it was the proper amount unless it was, unless it was, unless there's some disagreement. There was no disagreement filed.

MR. JESSEE: Right.

THE COURT: So that's the amount that would be due up until the time of the mediated agreement and then from that time forward would be the amount agreed upon.

MR. JESSEE: That's, I have no, and I, I agree, Your Honor.

THE COURT: Okay.

MR. JESSEE: I think that's fair, so I have nothing in my motion.

If there was error, and we make no determination regarding whether there was or was not, the Trial Court was led into that error. The Trial Court stated how the amount would be calculated, and Wife's counsel told the Trial Court that he agreed. The Trial Court stated that the amount listed on the child support worksheet was the proper amount unless there was some disagreement, and Wife's counsel specifically stated that there was no disagreement. Wife's counsel further stated that he had "nothing" in Wife's motion with regard to this issue. Given this, we find that Wife waived her issue as to child support.

Finally, we consider Husband's issue regarding whether he should be awarded attorney's fees. Husband asserts that he is entitled to an award of attorney's fees on two bases. First, Husband asserts that Wife's appeal is frivolous. " 'A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that [an appeal] can ever succeed.' " *Morton v. Morton*, 182 S.W.3d 821, 838 (Tenn. Ct. App. 2005) (quoting *Industrial Dev. Bd. of the City of Tullahoma v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). In pertinent part, Tenn. Code Ann. § 27–1–122 addresses damages for frivolous appeals stating:

When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

Tenn. Code Ann. § 27–1–122 (2017). We note that although Wife did not prevail with regard to her issue regarding child support, she did prevail with regard to her first issue. In the exercise of our discretion, we decline to hold this appeal frivolous.

Second, Husband argues he is entitled to an award of attorney's fees pursuant to the MDA. In pertinent part, the MDA provides:

21. <u>Noncompliance</u>: Should either party incur any expense or legal fees in a successful effort to enforce this Agreement, in whole or in part, the Court SHALL award reasonable attorney's fees, costs, and suit expenses to the party seeking to enforce this agreement. No breach, waiver, failure to seek strict compliance or default of any of the terms of this agreement shall constitute a waiver of any subsequent breach or default of any of the terms of this Agreement.

Husband argues in his brief on appeal that because the MDA provides that a court "SHALL" award fees that this Court does not have the discretion to refuse to award attorney's fees. We need not determine whether Husband's position is correct because Husband was not successful in his effort to reform, even assuming "reform" is equivalent to "enforce," the MDA. To the contrary, Wife was the successful party in her effort to enforce the MDA, but Wife did not request an award of "reasonable attorney's fees, costs, and suit expenses. . . ."

## Conclusion

The judgment of the Trial Court reforming the parties' MDA is vacated. The judgment of the Trial Court is affirmed in all other respects. This matter is remanded for enforcement of the MDA and for collection of the costs below. The costs on appeal are assessed one-half against the appellant, Lucinda Miller Miller, and her surety; and one-half against the appellee, Bruce Milton Miller.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

7