# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 11, 2022

## IN RE ESTATE OF JOHN BRUCE WILSON

**Appeal from the Chancery Court for Montgomery County**
**No. MG-20-5      Laurence M. McMillan, Jr., Chancellor**

———————————————————

### No. M2021-01549-COA-R3-CV

———————————————————

This is an appeal from the dismissal of a petition for a declaratory judgment regarding a will and trust. Because the appellant did not file his notice of appeal within thirty days after entry of the final judgment as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

Andrea Taylor McKellar, Nashville, Tennessee, for the appellant, Bennett Gordon Scott Wilson.

Richard Horton Frank, III, Nashville, Tennessee, for the appellee, John Bruce Wilson, Jr.

Aubrey L. Brown, Jr., Memphis, Tennessee, for the appellee, Deborah Laverne French.

Meredith Emily Wilson Lounge, Yukon, Oklahoma, pro se.

Valerie Dawn Keating, Cabot, Arkansas, pro se.

B. Nathan Hunt, Clarksville, Tennessee, pro se.

John Wallace Crow, II, Clarksville, Tennessee, for the appellee, Scott Hancock.

<h1 style="text-align:center">MEMORANDUM OPINION[1]</h1>

On August 13, 2020, Bennett Gordon Scott Wilson filed a petition seeking a declaratory judgment concerning his father's will and trust. Defendant Deborah Laverne French filed a motion to dismiss the petition based, in part, on res judicata. Mr. Wilson subsequently filed a motion for the issuance of alias summons or, in the alternative, to consolidate the case with a related estate case.

The trial court heard both motions on October 29, 2021. Following the hearing, both sides submitted proposed orders. On November 17, 2021, the trial court entered an order prepared by Mr. Wilson's attorney granting the motion to dismiss on the grounds of res judicata and denying the motion for the issuance of alias summons or to consolidate as moot. On December 1, 2021, the trial court entered an order prepared by Ms. French's attorney again denying the motion for the issuance of alias summonses or to consolidate as moot. On December 3, 2021, the trial court entered an order prepared by Ms. French's attorney again granting the motion to dismiss on the grounds of res judicata. Mr. Wilson filed his notice of appeal on December 30, 2021.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed within thirty (30) days after entry of the final judgment. Mr. Wilson filed his notice of appeal within thirty days of the December 1, 2021 order and the December 3, 2021 order, but not the November 17, 2021 order. Thus, we must first determine which order is the final judgment for the purposes of Rule 4(a).

The November 17, 2021 order dismissed the case in its entirety. The order resolved all of the claims between the parties and was thus a final, appealable judgment. *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). The orders entered on December 1, 2021, and December 3, 2021, grant the same relief as the November 17, 2021 judgment. Where consecutive final judgments are entered granting the same relief, the time for filing a notice of appeal runs from the entry of the first judgment. "[A] subsequent entry of judgment operates as the final judgment only if the subsequent judgment affects the parties' substantive rights or obligations settled by the first judgment." *Ball v. McDowell*, 288 S. W. 3d 833, 838 (Tenn. 2009). The December 1, 2021 order and the December 3, 2021 order grant the exact same relief as the November 17, 2021 judgment. They do not "affect the parties' substantive rights or obligations settled by the first

---

[1]Tenn. R. Ct. App. 10 states:

This court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment." Thus, the thirty day time period for filing a notice of appeal ran from the entry of the first judgment on November 17, 2021.

Mr. Wilson asserts his counsel was unaware that any of the three orders had been entered until the end of December and that his counsel filed a notice of appeal immediately after discovering the orders had been entered. However, the time for filing a notice of appeal runs from the date the final judgment is entered, not from the date the appellant becomes aware the judgment has been entered. The November 17, 2021 judgment contains the signature of the judge, the signature of Mr. Wilson's counsel, and a certificate of service indicating a copy of the proposed judgment was served on the other parties. Thus, the judgment was effectively entered under Tennessee Rule of Civil Procedure 58 on November 17, 2021.

Mr. Wilson's counsel asserts she understood from a prior conversation with the trial court clerk that the trial court clerk would serve her with copies of the judgment upon its entry. Rule 58 requires the trial court clerk to serve a copy of the entered judgment on counsel when requested. However, the trial court clerk's failure to serve a copy of the entered judgment does not affect the judgment's validity or the time for filing a notice of appeal. Rather, Rule 58 provides that a party prejudiced by the trial court clerk's failure to serve an entered judgment may seek relief under Tennessee Rule of Civil Procedure 60.[2]

The thirty day time limit for filing a notice of appeal is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn.2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d 856, 869 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Serv. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis,* 285 S.W.3d at 869.

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Bennett Gordon Scott Wilson is taxed with the costs for which execution may issue.

PER CURIAM

---

[2] The trial court may, under unusual and compelling circumstances, grant an appellant relief from the failure to file a timely notice of appeal under Tennessee Rule of Civil Procedure 60. Tenn. R. App. P. 4(a), Advisory Commission Comments; *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997).