IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 4, 2024

## MONOLETO DELSHONE GREEN v. STATE OF TENNESSEE ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 2022-C-2107    Thomas W. Brothers, Judge**

———————————————————

**No. M2024-00322-COA-R3-CV**

———————————————————

This is an appeal from an Order Granting Respondents' Motions to Dismiss and Denying Petitioner's Writ of Certiorari and Mandamus. Because the appellant did not file a notice of appeal within thirty days after entry of the final judgment as required by Tennessee Rule of Appellate Procedure 4(a), we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and JEFFREY USMAN, JJ.

Monoleto Delshone Green, Nashville, Tennessee, pro se.

Lauren Danielle Rota, Nashville, Tennessee, for the appellees, State of Tennessee, District Attorney General Jennings Jones, Public Defender John Driver, and Senior Judge Don Ash

Cassandra M. Crane, Brentwood, Tennessee, for the appellee, La Vergne Police Department.

### MEMORANDUM OPINION[1]

This appeal arises out of a petition for a writ of certiorari and mandamus filed by Monoleto Delshone Green, an inmate in the custody of the Department of Correction. The respondents, the State of Tennessee, District Attorney General Jennings Jones, Public Defender John Driver, Senior Judge Don Ash, and the LaVergne Police Department filed motions to dismiss the petition. On May 9, 2023, the trial court entered an Order Granting Respondents' Motions to Dismiss and Denying Petitioner's Writ of Certiorari and Mandamus. Mr. Green filed a notice of appeal to this Court on February 23, 2023.

---

[1]A case designated as a memorandum opinion "shall not be published, and shall not be cited or relied on for any reason in any unrelated case." Tenn. Ct. App. R. 10.

Rule 4(a) of the Tennessee Rules of Appellate Procedure requires that a notice of appeal be filed with the Appellate Court Clerk within thirty days after entry of the judgment appealed. Mr. Green filed his notice of appeal more than nine months after entry of the judgment appealed. The thirty-day time limit is mandatory and jurisdictional. *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2 and 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 at n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d at 869 at n.1.

Mr. Green acknowledges his appeal is untimely, but requests relief from this Court under Tennessee Rule of Civil Procedure 60.02. However, Rule 60 does not apply in this Court. Tenn. R. Civ. P. 1. While a trial court may, under unusual and compelling circumstances, grant relief under Rule 60 from the failure to file a timely notice of appeal, this Court cannot grant relief under Rule 60, and Mr. Green must seek such relief in the trial court. Tenn. R. App. P. 4(a), Advisory Commission Comments; *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792 (Tenn. Ct. App. 1997).

Also, in his request for relief under Rule 60, Mr. Green asserts that he has been appointed a conservator. If so, then the ability to file a notice of appeal and further prosecute the action has been removed from Mr. Green and placed with his conservator. Thus, even if the notice of appeal filed by Mr. Green were timely, it would be of no effect.

The appeal is hereby dismissed as failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Monoleto Delshone Green is taxed with the costs for which execution may issue.

PER CURIAM