IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 17, 2024

**MARINA KOTOVA v. THOMAS KEVIN TRUE**

**Appeal from the Circuit Court for Carter County**
**No. C15219   James E. Lauderback, Judge**

_____

**No. E2024-01430-COA-R3-CV**
_____

This is an appeal from a final order entered on June 6, 2024.  According to the appellant, the notice of appeal was mailed to this Court on July 3, 2024, but the notice never arrived at the Appellate Court Clerk's Office.  The appellant provided a tracking number that was allegedly used to mail the notice of appeal, but the tracking information does not demonstrate that the notice was sent via certified mail pursuant to Tenn. R. App. P. 20 during the thirty-day appeal period.  Because the notice of appeal was not timely filed, we have no jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. MICHAEL SWINEY, C.J.; JOHN W. MCCLARTY, J.; AND KRISTI M. DAVIS, J.

Robert M. Asbury, Marion, Virginia, for the appellant, Marina Kotova.

Regina L. Shepherd, Elizabethton, Tennessee, for the appellee, Thomas Kevin True.

**MEMORANDUM OPINION**[1]

The Carter County Circuit Court ("Trial Court") entered a final judgment in the underlying case on June 6, 2024.  More than thirty days later, the appellant, Marina Kotova,

---

[1] Rule 10 of the Rules of the Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

filed a motion with this Court, which this Court construes as a motion to accept a late-filed notice of appeal. The motion contends that the appellant had previously mailed her notice of appeal to this Court on July 3, 2024 but that it had never arrived at the Appellate Court Clerk's Office. In the motion, the appellant asked this Court to allow the appellant to resubmit her notice of appeal and proceed with this appeal. The appellant also filed a copy of the notice of appeal with this Court. The appellee filed a response objecting to such relief.

In her motion, the appellant states that the notice of appeal was mailed pursuant to Tenn. R. App. P. 20. Tenn. R. App. P. 20(a) provides that the filing of documents mailed to the Appellate Court Clerk's Office "shall not be timely unless the papers are received by the clerk within the time fixed for filing." However, documents mailed or sent to the Appellate Court Clerk's Office via United States Postal Service or other commercial delivery service by certified return receipt mail, registered return receipt mail, or other delivery service with computer tracking shall be considered timely if mailed within the time fixed for filing. Tenn. R. App. P. 20(a). Because the method utilized by the appellant in mailing the notice of appeal was unclear from the motion, this Court entered an order allowing the appellant to demonstrate that the notice of appeal was sent via certified return receipt mail, registered return receipt mail, or a commercial delivery service with computer tracking capacity and that it was timely mailed to this Court, pursuant to Rule 20(a).

The appellant filed a response to this Court's order stating that the notice of appeal had been mailed via certified mail with the U.S. Postal Service and providing a tracking number. None of the documentation attached to the response demonstrated the date on which the notice of appeal had been mailed. When looking at the tracking information on the U.S. Postal Service's website, the website reads: "Label Created, not yet in system" and "A status update is not yet available on your package. It will be available when the shipper provides an update or the package is given to USPS." Nothing provided to this Court proves that the notice of appeal had been mailed via certified mail to this Court during the appeal period.

In order to be timely, a notice of appeal must "be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). If a notice of appeal is not filed in a civil case in a timely fashion from the date of entry of the final judgment, we are not at liberty to waive the procedural defect and must dismiss the appeal. *See Arfken & Assocs., P.A. v. Simpson Bridge Co., Inc.*, 85 S.W.3d 789, 791 (Tenn. Ct. App. 2002); *Am. Steinwinter Investor Group v. Am. Steinwinter, Inc.*, 964 S.W.2d 569, 571 (Tenn. Ct. App. 1997); *Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985).

In her response to this Court's order, the appellant requested relief from this Court pursuant to Tenn. R. Civ. P. 60.02. However, Tenn. R. Civ. P. 60 does not apply in this Court. *See* Tenn. R. App. P. 1. Although this Court cannot waive the untimely filing of a notice of appeal or expand the time for filing such notice, a trial court may "under unusual and compelling circumstances" grant an appellant relief from the failure to timely file a notice of appeal with the appellate court by means of a Tenn. R. Civ. P. 60 motion. *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997); *see also* Tenn. R. App. P. 4(a), Advisory Comm'n Comments ("[I]n appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under Tennessee Rule of Civil Procedure 60.02."). Generally, such relief consists of a trial court vacating and re-entering its final order to allow the appellant an opportunity to file a timely notice of appeal. *McCracken*, 958 S.W.2d at 795.

The appellant's motion to accept a late-filed notice of appeal is hereby denied. This appeal is hereby dismissed for failure to timely file a notice of appeal with this Court, which deprived this Court of subject matter jurisdiction. However, the dismissal of this appeal is without prejudice to the appellant's ability to file a motion seeking relief pursuant to Tenn. R. Civ. P. 60 from the Trial Court. Costs on appeal are taxed to the appellant, Marina Kotova, for which execution may issue if necessary.

**PER CURIAM**